CHARLES MEWSHAW ET AL,    ⎱
      vs.             ⎰   SEPT. TERM, 1849.
WILLIAM MEWSHAW ET AL.   ⎰

[ACTS OF 1785, CHAP. 72, SEC. 12, and 1831, CHAP. 311, SEC. 7—ALLEGA-
TION—DEMURRER—DESCRIPTION OF LAND.]

BILL for a sale of lands held in common by Plaintiffs and Defendants. Demurrer on the ground that the bill was for a partition under the Act to direct descents—or was addressed to the general power of court to make partition,—and that the bill was not in proper form under the Act of Descents, and was otherwise defective. Also, that the name of the land to be sold was not given. HELD, that—

IT is a proceeding under the Act of 1831, chap. 311, sec. 7. By the Act of 1785, chap. 72, sec. 12, the court is empowered to sell lands in which infants are interested. That provision is extended by the Act of 1831 to cases where the parties are of full age. To give the court jurisdiction under these Acts, the bill should allege that a sale would be for the advantage of the parties,—and the allegation must be established by admission, if the parties are of age, or by evidence, if not of age,—and if so established, the court has power to decree a sale.

Though parties have a right to resort to demurrer, this mode of defence is viewed with suspicion and disfavour. The claim of the plaintiff must be stated with clearness. But if the case is so stated as to apprise the opposite party of the claim, he would not be permitted to object on the ground of uncertainty, though every particular circumstance is not stated. General certainty is sufficient.

THE CHANCELLOR:

This case is now brought before the Court, upon the demurrer of William Mewshaw, one of the defendants to the bill, and counsel have been heard in support of and in opposition to the demurrer.

It has been assumed by the defendant, and has been so treated in the argument, as a bill for a partition under the act to direct descents, or as addressing itself to the general power of this court to make partition of estates ; and the objection urged is, that the bill, viewed in either of these aspects, does not conform to the provisions of the Act, and is defective for the reasons stated by the Court of Appeals, in the case of *Chaney & Wife vs Tipton et al*, 11, *G. & J.*, 283.

But this does not appear to me to be a bill for a partition. It is a proceeding founded upon, and authorized by the 7th section of the Act of 1831, Ch. 311, which extends the provisions of the 12th section of the Act of 1782, chap. 72, to parties of full age who have an interest or estate jointly, or in common, or otherwise, concurrently, or in or out of any lands, tenements or hereditaments.

By the 12th section of the Act of 1785, chap. 72, this court is empowered to decree a sale of lands, tenements or hereditaments, in which an infant, &c. has a joint interest, or interest in common, with any other person or persons, upon its appearing that it would be for the interest and advantage of all the parties that a sale should be made ; and frequent decrees of such a character have been passed. The provisions of this section being, by the Act of 1831, extended to cases in which the parties entitled to the land are of full age, it follows, that if the court shall be satisfied that the interests of all parties will be promoted by a sale, that a decree for that purpose may pass.

It is indispensable, however, to give the court jurisdiction under these Acts of Assembly, that the bill should allege that it will be for the interest and advantage of the parties that the lands shall be sold,— *Tomlinson et al vs M'Kaig et al*, 5 *Gill*, 256 ; and of course, it is equally indispensable to the passing of a decree, that the allegation shall be established by the admissions of the parties, if they are capable of binding

themselves by admissions, or by evidence, if they are incapable of doing so, from minority or other cause.

In this case, the bill does allege that the real estate is not susceptible of partition, and that it will be for the interest and advantage both of the defendants and complainants to sell the same, and divide the proceeds thereof between the parties, in proportion to their respective interests.

This allegation is clearly sufficient to give the court jurisdiction. In the case of *Tomlinson vs M'Kaig*, 5 *Gill*, the Court of Appeals say the bill could not be sustained, as founded on the Act of 1785, chap. 72, because of the absence of this very allegation ; and the case was remanded to the county court for such proceedings as are there indicated.

In this bill, however, the necessary averment is made, and if it be established by the answers, or by evidence, the power of the court to decree a sale is unquestionable.

This fact is admitted by the demurrer, as are all other facts which are relevant and well pleaded. *Strong's Eq. Pl., sec.* 452.

The demurrer, then, admits that the land is held by the plaintiffs jointly, or in common with the defendants, and that it will be for the interest and advantage of all of them that it be sold, and the proceeds divided between them, in proportion to their respective interests.

Now, if this be true, and for the purpose of this argument, it is admitted to be true, the case appears to be within the provisions of the Acts of Assembly referred to, and the authority of the court to decree a sale. is clear.

Though parties in certain cases have the right to resort to demurrer, and there may be cases in which it is quite proper to do so, it is very certain, that this mode of defence is viewed with suspicion and disfavor, as indicative of an unwillingness fairly to meet the plaintiff's case. *Story's Eq. Pl., sec.* 454, *note* 4.

In the case now under consideration, the bill alleges that this defendant, William Mewshaw, has been in possession of the property in question since the year 1834, receiving the profits thereof to his own use, refusing to surrender possession,

or account with the other parties for the profits, or pay them anything in respect thereof. This allegation also is admitted by the demurrer, and it is a concession certainly not calculated to induce the court to look with indulgence upon a defence which must delay the other parties in the assertion of their rights.

In addition to the grounds of demurrer which have been noticed, founded upon the impression that this was a proceeding under the Act to direct descents, the objection is also made, that the name of the land is not given—the bill being in that respect blank.

There can be no doubt, that the title or claim of the plaintiffs to the aid of the court should be stated with reasonable accuracy and clearness, and that if his case is set out in a vague and indeterminate manner, a demurrer will be allowed. But if the case be so stated as to apprise the opposite party of the claim made against him, I apprehend that he would not be permitted to object to the bill upon the ground of uncertainty, though every particular circumstance is not stated. General certainty, says Mr. Justice Story, is sufficient in pleadings in Equity, and every minute particular need not be set out. *Story's Eq. Pl.*, sections 252, 253.

Now in this case, though the name of the land is not given, its location, quantity of acres, and its descent to Hazel Mewshaw (under whom the parties claim), on the part of his mother, Mary Mewshaw, are stated ; so that, I apprehend, it cannot be doubted that William Mewshaw, the party demurring, and who is charged to be in possession, was perfectly well apprised of the land referred to in the bill, and prayed to be sold.

The demurrer, then, in my opinion, must be overruled, and the defendant required to answer.

RANDALL for plaintiffs.
BOYLE for defendants.