(Decided 12th June, 1889.)

## The Union Passenger Railway Company of Baltimore City *vs.* The Mayor and City Council of Baltimore.

*Jurisdiction in Equity—Account—Discovery—Act of 1796, ch. 43, sec. 7 (Art. 75, sec. 94, of the Code)—Municipal Corporation—Special tax on Gross earnings of Passenger Railway Company—Demand.*

Where a Court of equity has original jurisdiction, and a statute confers upon the common law Courts a similar power, the jurisdiction of equity is not thereby ousted.

Union Passenger Railway Co. *vs.* Mayor, &c. of Baltimore.

The Act of 1796, ch. 43, sec. 7 (Code of 1888. Art. 75, sec. 94) provides in substance that in proceedings at law the Court shall have power to require the parties to answer any bill of discovery only which may be filed in cases and under circumstances where they might be compelled to produce original books or writings or answer such bill of discovery by the ordinary rules of proceedings in chancery. On demurrer to a bill filed in equity for an account, and for a discovery of the manner in which the defendant's accounts were kept, in reference to the plaintiff's claim, it was HELD:

That the Act of 1796, did not take away the jurisdiction of a Court of equity in such a case.

On a proceeding instituted by a municipal corporation against a city railway company to recover a tax upon the earnings of the company, the times for the payment of which were definitely fixed by ordinance, it was HELD:

That the failure to pay the tax at the times prescribed by the ordinance, was a breach of duty which fastened upon the company a liability to be proceeded against without any demand being made.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, BRYAN, and McSHERRY, J.

*George Dobbin Penniman*, for the appellant.

*Bernard Carter*, *City Solicitor*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The appellant is an incorporated company operating three lines of street passenger railways in the City of Baltimore: One of its lines extends for about a half mile into Baltimore County. By the Act of Assembly of 1882, ch. 229, the twelve per cent. tax imposed by

ordinance No. 150 of 1880, on the gross receipts of all such railways in the City of Baltimore was reduced to nine per cent. and was directed to be paid quarterly to the City Register. The appellant paid into the City Treasury quarterly certain amounts represented by it to be nine per cent. of the gross earnings realized on all its lines within the city limits; but these amounts were deemed by the city authorities to be insufficient and incorrect, especially when contrasted with the payments made by other like companies for the same periods of time. On January 31st, 1885, the Mayor and City Council filed a bill in equity against the appellant for an account of the sums collected by it, and for a discovery of its gross earnings, the earnings of each of its lines and of each car thereon, and of the earnings made upon the half mile of road beyond the city. It also sought a discovery as to the manner in which the company's accounts were kept, with reference to the mode of calculating the earnings on this half mile of its road; and the amount deducted by it on account of this half mile from its total gross receipts. To this bill the appellant interposed a demurrer, and assigned six grounds therefor. These, however, are found upon examination to present but two distinct grounds, and no more. They are, first, that a Court of equity has no jurisdiction to decree a discovery because under *Art.* 75, *sec.* 69, of the Code in force when the bill was filed— it being *sec.* 94, *of Art.* 75 of the Code of 1888—precisely the same relief sought here could have been obtained in an action at law; and, secondly, because before the filing of the bill, no demand is alleged to have been made upon the appellant for the payment of the money due by it to the city.

By the section of the Code just alluded to, it is provided in substance that, in proceedings at law, the Court shall have power to require the parties to answer any

bill of discovery only which may be filed in cases and under circumstances where they might be compelled to produce original books or writings, or answer such bill of discovery by the ordinary rules of proceeding in chancery.    This provision has been the law of Maryland since 1796, having been enacted in that year.    We are not aware that it has ever before been supposed or suggested that this statute ousted the jurisdiction, undoubtedly possessed by a Court of equity over this subject from very early times.    The very terms of the statute admit the existence of such a jurisdiction.    "It may be laid down as a general doctrine, that in matters of account, growing out of privity of contract, Courts of equity have a general jurisdiction when there are mutual accounts (and *a fortiori* where the accounts are complicated,) and also where accounts are all on one side, but a discovery is sought and is material to the relief.    And on the other hand where the accounts are all on one side and no discovery is sought or required; and also where there is a single matter on the side of the plaintiff seeking relief and mere set-offs on the other side, and no discovery is sought or required, in all such cases Courts of equity will decline taking jurisdiction.    The reason is that no peculiar remedial functions of a Court of equity are required."    1 *Story Eq. Jur.*, *sec.* 459, *and cases cited in notes.*

It is quite a familiar principle that where a Court of equity has original jurisdiction, and a statute confers upon the common law Courts a similar power, the jurisdiction of equity is not thereby ousted.    *Barnes and Fergusson vs. Compton's Adm'rs, et al.*, 8 *Gill*, 398.

It would seem to need no further discussion to sustain the conclusion which necessarily follows, viz., that the Act of 1796 did not take away the jurisdiction of a Court of equity in such a case as this.    Whatever may be the doctrine elsewhere, it has never been understood to be

16                    v. 71.

the law in this State, that a Court of equity is deprived of its jurisdiction in a case like this, by reason of the power conferred by the Act of Assembly on the Courts of law in this particular; and we do not see how, upon principle independent of authority, it could possibly be so held. The bill is for an account and a discovery. It is designed to compel the railway company to divulge information possessed by it, which is absolutely necessary to the plaintiff's case and material to the relief prayed for by it.

The second ground of demurrer is equally untenable. The cases relied on by the appellant support an entirely different proposition. Those cases are *Topham vs. Braddick*, 1 *Taunt.*, 572; *Ferris vs. Paris*, 10 *Johns.*, 285; *Taylor vs. Bates*, 5 *Cowen*, 379; *Rathbun vs. Ingalls*, 7 *Wend.*, 320, and *Cooley vs. Betts*, 24 *Wend.*, 203. As concisely and correctly stated in the brief of the distinguished solicitor for the appellee, these cases " simply establish this proposition, that where money has been received by an agent, factor or other person belonging to the plaintiff, and such person either is in no default in not having paid it over to the plaintiff, or where by the nature of the dealings between them, it was implied that a demand would be made for the money before suit brought, in *such cases* a demand must precede the suit." But the case at bar does not fall within the principles announced in any of these decisions. Here no demand was necessary because the ordinance of the city definitely fixed the times when payments should be made. The appellant's duty was clear and unmistakable. It was bound to pay over this tax quarterly, and failing to do so was a breach of that duty which fastened upon it a liability to be proceeded against without any demand being made. Its obligation to pay at the times designated was perfect and complete, and nothing further was needed to render it amenable to process for collection, than its neglect to comply.

We are therefore of opinion that the Circuit Court of Baltimore City was right in overruling the demurrer, and the decree appealed from will be affirmed, and the cause will be remanded.

*Decree affirmed with costs,*
*and cause remanded.*

(Decided 12th June, 1889.)