# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 17, 1897.

## WILLIAM R. PASSANO
## VS.
## SAMUEL R. & JOHN K. HOGG.

*Frank Gosnell* for plaintiff.

*William Pinkney Whyte* and *Andrew H. Mettee* for defendants.

STOCKBRIDGE, J.—

The question now presented in this case for determination arises out of the refusal of the defendants to produce in the course of the taking of the testimony in the case, certain books of account, or duly verified copies of cer-

648

tain accounts in which an interest is claimed by the plaintiff.

The bill was filed alleging that a partnership had existed between the parties to the cause, and the prayers of the bill by way of relief were that the defendants might be required to answer; that a receiver or receivers might be appointed to wind up the business of the partnership; that the alleged firm might be dissolved, and its assets applied to the payment of its liabilities, and the surplus remaining thereafter rateably distributed among the partners; that an accounting might be had of the laundry soap business, and for other and further relief.

The defendants have answered denying the existence of any partnership, setting up that the plaintiff was employed as a salesman, not a fixed compensation, but in lieu thereof at a compensation of fifty per cent. of the net profits of a certain business, or fifty per cent. of the net profits derived from the sale of certain soap.

It will, therefore, be seen that the right to an accounting is not dependent upon the establishment of the partnership relation having existed between the parties, and by reason of this fact the present case is distinguishable at once from the cases of the Goodyear Rubber Glove Co. vs. Gorham, 90 N. Y. Sup. Ct. 342, and Knoch vs. Funke, 14 N. Y. Supplement 477, relied on by the defendants; and there is not in this case any suggestion of an agreement by the plaintiff not to require the production of the books and accounts, as there was in case of Turner vs. Bayley, 4 DeGex, Jones & Smith 340, and upon which agreement Lord Justice Turner at least based his concurrence in the refusal to order their production.

The right to an accounting is of itself a ground for equitable jurisdiction. The accounting is in this case asked as one of the means of relief, and in such a case, even though there be a legal remedy, the Court which first obtains jurisdiction of the subject-matter will always retain it for the purpose of relief, and decide the entire subject in litigation.

Union Pass. R. W. Co. vs. M. & C. C., 71 Md. 241.

Eschbach vs. Lightner, 31 Md. 528.

Alpaugh vs. Wood, 16 Atl. Rep. 676.

The demand in question now is for the production of certain books, or the copies of certain accounts which will, or should show, not the fact of the partnership, if there was one, but the cost of production of the soaps, in the sale of which the plaintiff, whether a partner or not, was entitled to 50 per cent. of the net profits, and the first element in the ascertainment of those profits is the determination of the cost of production. It is impossible to read the proceedings before the examiner and arrive at any conclusion other than that such accounts do exist, in addition to those which have thus far been produced in the case. Whether these accounts have been kept in separate books, or whether they constitute a part of the accounts entered in the books of the defendants, doing business as the Union Soap Company, does not appear; if they are in separate books the plaintiff is entitled to the production of such books, if, on the other hand, they are not in separate books, but simply some of the accounts entered in the books of the defendants, trading as the Union Soap Company, then the plaintiff is entitled to copies of them certified as provided by the statute, and an order will be signed to this effect.