ALBERT J. MILLS, Administrator of Sallie J. Bailey *vs.* FILLMORE E. BAILEY.

*Action for Money had and received—Liability of Administrator of Life Tenant to Action by Legatee in Remainder—Bequest of Personalty for Life with Power of Disposition and Remainder over of the Residue—Competency of Evidence.*

An action for money had and received lies to recover money in the possession of the defendant, which in justice and conscience belongs to the plaintiff; and it is not necessary that there should be any privity of contract between the parties.

Where an administrator has in his possession money to which the plaintiff is entitled after a life estate therein by the administrator's decedent, it may be recovered under an action for money had and received.

A testator bequeathed the residue of his estate to his wife for life " with full power to her to use, consume or dispose of any portion of said personal estate in her discretion," and after the death of his said wife, then, upon a contingency which happened, one-half of the personal estate was given to the plaintiff. *Held:*

1st. That the widow took only a life estate in the personalty with a power to dispose of it, and in the event of her death without having exercised that power, what remained of the personalty passed to the legatee in remainder.

2d. That the administrator of the wife is liable in an action to the plaintiff, the legatee in remainder, upon proof that he received into his possession the residue which had not been disposed of by the life tenant.

When plaintiff's right to recover depends upon his proof of several facts, evidence tending to prove any one of those facts is admissible at any time without regard to the order in which it is introduced.

Appeal from the Circuit Court for Somerset County (PAGE, C. J., HOLLAND and LLOYD, JJ.).

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ.

*Thomas S. Hodson*, for the appellant.

*Joshua W. Miles* and *H. L. D. Stanford*, for the appellee submitted the cause on their brief.

BRYAN, J., delivered the opinion of the Court.

The only question in this case arises on an exception to the admissibility of certain evidence. Bailey brought an action of assumpsit for money had and received against Mills, administrator of Sallie J. Bailey. The principles of the action for money had and received have been well established ever since the origin of the action. It lies to recover money in the possession of the defendant which in justice and conscience belongs to the plaintiff. The uniform language of the law has been that where *ex aequo et bono* money ought to be paid, a promise to pay it will be implied, and this implied promise is the ground of the action. It was suggested in the argument that there must be privity of contract between the

parties. But this was not the opinion of this Court in *Penn* v. *Flack*, 3 G. & J. 370. It was there said: " It is not true, that the action for money had and received, can only be grounded on privity of contract. It lies against the finder of money lost. It is the proper action to recover money obtained by fraud or deceit. If a man without my authority, receive money due to me, I may recover it from him in this form of action, and certainly in these cases there is no privity of contract."

We will examine the evidence, and ascertain whether it has any tendency to establish a liability on the part of the defendant to pay money to the plaintiff; or, whether it shows a link in a chain of circumstances which, if proved, would entitle the plaintiff to recover. The evidence is contained in an agreement of counsel, which provided that it should be " subject to the same objection as if offered regularly." The material facts are as follows: George W. Bailey died in the year eighteen hundred and ninety-three, leaving a will which was duly admitted to probate. The residuary clause of his will was in these terms: " I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, of every kind and description, and wheresoever situated, to my wife, Sallie J. Bailey, to be held by her during the term of her natural life, with full power to her to use, consume or dispose of any portion of the said personal estate in her discretion, as her necessities or comfort may require, and from and after the death of my said wife, then to my daughter, Eva Bailey, and her heirs, in fee, should she then be living, or if dead and issue of her body begotten be then living, then to such issue; but should my said daughter not survive my said wife, then it is my will that from and after the death of my said wife, my said estate shall be disposed as follows, to wit: one-tenth part of said estate to the Home of the Friendless Children of the Eastern Shore of Maryland, at present located at Easton, Maryland, and one-half of the remainder of said estate to be equally divided among the children of Albert J. Mills, then living, and the other half of said remainder to my half-brother,

Fillmore E. Bailey, should he then be living; but should he then be dead, and leave child or children surviving him, then living, to be equally divided among said children, and should he be then dead, and leave no child or children surviving, then to the children of the aforesaid Albert J. Mills, equally." The executors of the testator paid and delivered to Mrs. Bailey the residue, being two thousand two hundred and forty-four dollars and seventy-nine cents in money, and goods and chattels appraised at three hundred and thirty-seven dollars and ninety-eight cents. Eva Bailey, the daughter, died in the year eighteen hundred and ninety-three without leaving any child surviving her; and Mrs. Bailey died in August, eighteen hundred and ninety-six.

The estate taken by Mrs. Bailey under the will presents the most important question in the case. She was to hold the property during the term of her natural life; but she had power to use, consume or dispose of any portion of the personal estate in her discretion, as her necessities or comfort might require. It appears to us that the construction of this will is settled by the decision in *Benesch* v. *Clark*, 49 Md. 497. " Now, it is quite clear, upon all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, takes but an estate for life, with the power annexed; and if the person so taking fails to execute the power and thus dispose of the reversion, it goes, where there is no gift or devise over, to the heir or next of kin of the testator, according to the nature of the property. This distinction, while it has been said to be a refined one, is, nevertheless, as well established as any in the law; and judges and text-writers alike recognize and adopt it as a principle too firmly settled to be questioned." In the present will there is

no mention of a reversion or remainder in so many words; but after giving Mrs. Bailey a life estate, power is given to her to dispose of the personal estate, which, of course, must mean what is not included in the life estate, as well as the life estate itself. Mrs. Bailey therefore held the residue for the use and benefit of the parties in remainder, subject to her life estate, and subject to her power to consume and dispose of it. It was stated in the agreement of counsel that Mills had been duly appointed administrator of Mrs. Bailey. We have said that the decedent held this residue for the use and benefit of the parties in remainder, under the conditions which have been mentioned. Now this fact alone would not make the administrator liable in this action. But if it were proved that he received into his possession the residue which had not been disposed of in the lifetime of Mrs. Bailey, he would be liable. It was necessary that the plaintiff should prove this fact in addition to what is stated in the agreement of counsel. But he could not prove his whole case at the same moment. Of necessity he was obliged to offer his evidence progressively. In *Plank Road Company* v. *Bruce*, 6 Md. 457, it was decided that if competent evidence material to the issue be offered, the Court ought to receive it without reference to the order in which it is introduced; and that there was no authority in the Court to require a party to disclose in advance what other proof he intended to offer; and that the rejection of evidence on that account would be erroneous; and that its legal sufficiency to establish the whole case was quite a different question. The Court said also in reference to the case before it: " The legal sufficiency however of this evidence to establish the whole case is quite a different question. The issue was made up of two substantive propositions, both of which the plaintiffs were obliged to prove before they could recover; one was their own corporate existence, and the other was the promise, implied or expressed, of the defendant to pay his subscription; and should the plaintiffs only establish one of those propositions, but entirely fail to prove the other,

Md.]                                    Syllabus.

there would be virtually and practically such a failure of evidence as to defeat their case. These questions however cannot arise upon the admissibility of evidence, but must be presented by prayers after the evidence has been closed."

It was urged by the appellant's counsel that the residue under the will of George W. Bailey ought to have been invested under the order of the Orphans' Court for the benefit of all the parties interested in it. The Court did not, however, order an investment, and none was made. This matter cannot be considered now. But it is as well to say that the testator evidently intended that his widow should have the possession of the residue, and that the parties entitled in remainder were obliged to take his bounty on the terms which he saw fit to impose, or not to take it at all. The Court, having admitted in evidence the facts stated in the agreement of counsel, the defendant took an exception. As before stated, this is the only question in the case. The verdict and judgment being in favor of the plaintiff, the defendant appealed.

It will be seen, of course, that we think that the judgment must be affirmed.

*Judgment affirmed.*

(Decided October 28th, 1898.)