# ELMER H. LUPTON

### *vs.*

# AMERICAN WHOLESALE CORPORATION.

*Conversion by Fiduciary—Equity and Legal Jurisdiction—
Discovery and Accounting.*

A fund, appropriated by one while acting in a fiduciary capacity towards another, may be recovered by such other in an action at law, the items of the claim being definitely known to the latter, and not needing to be ascertained through discovery and accounting.                                                             p. 336

While the fact that, in receiving money for another's use, one was acting in a fiduciary capacity, does not preclude an action of assumpsit by such other for its recovery, he is not compelled to resort to such legal remedy, he having a concurrent right to seek relief in a court of equity.                          p. 336

Where an employee was given full authority and discretion as to all credits in a certain territory and also all collections, but was specifically required to deliver to his employer the proceeds of the latter, *held* that, in view of the fiduciary nature of the employment, and of the conditions under which the employee was authorized to make collections, funds therefrom, retained by him, were impressed with a trust for the employer's benefit.                                                                       p. 337

Where the bill alleged that defendant was head of plaintiff's credit department and had charge of plaintiff's account books, and that he had, without plaintiff's knowledge, become a stockholder in one of plaintiff's customers and had charged off to profit and loss a part of such customer's indebtedness to plaintiff, as a result of his transactions in the sale of the customer's assets, *held* that plaintiff was justified in asking for a discovery and accounting by defendant as to these transactions.      p. 338

*Decided April 26th, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (STEIN, J.).

Bill by the American Wholesale Corporation (Baltimore Bargain House) against Elmer H. Lupton for discovery and accounting. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Charles F. Harley* and *Michael J. Manley,* for the appellant.

*Martin Lehmayer* and *Charles McH. Howard,* with whom were *Venable, Baetjer & Howard* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

By his demurrer to the bill of complaint in this case the defendant asserted that a court of equity was without jurisdiction, and that the plaintiff had an adequate remedy at law, with respect to the alleged cause of action. The appeal is from an order overruling the demurrer.

In effect the bill avers that the plaintiff is a corporation engaged in the business of selling dry goods, notions, clothing and general merchandise to retail merchants throughout the United States; that the defendant was employed by the plaintiff as the head of the credit department of its business for the states of North Carolina, South Carolina, Kentucky, Tennessee and Mississippi, by virtue of which employment the defendant had authority and discretion to allow, increase, restrict or refuse credit to merchants in the designated territory who desired to become, or continue to be, customers of the plaintiff, and in the course of this service the defendant had charge of the books of the plaintiff containing the accounts of its customers in the states mentioned, and supervised the bookkeepers by whom the accounts were kept and directed them as to the various entries; that the defendant also had charge of all collections in his department, and was required to account for and pay to the plaintiff the proceeds

of such collections; that one of the plaintiff's customers was the Fairview Department Store, Inc., of Winston-Salem, North Carolina, which originally was extended a credit of $2,000, but this was largely increased by the defendant, who had become interested as a stockholder in the business of that customer, of which fact the plaintiff was not then aware; that the Fairview Department Store, Inc., became financially embarrassed while indebted to the plaintiff to the amount of $37,773.78, and the defendant, without the plaintiff's knowledge, caused the assets of the debtor company to be sold and transferred to a purchaser who agreed to remit to its treasurer sufficient funds to pay its debts; that in pursuance of this agreement the J. W. Frazier Company, which succeeded to the rights and liabilities of the original purchaser of the assets and business of the Fairview Department Store, Inc., remitted to its treasurer more than $12,000 for payment to its creditors, of which the defendant received, and refuses to pay to the plaintiff, sums aggregating $7,000; that by defendant's direction the plaintiff's account for $37,773.78 against the Fairview Department Store, Inc., was transferred to the amount of $30,773.78 to an account opened against the J. W. Frazier Company on the plaintiff's books, and the remaining $7,000 of the former account was subsequently charged to "profit and loss," and by a similar entry, which the defendant directed, the account debited to the Frazier Company was reduced to the extent of $4,082.49, all of which entries were made without the plaintiff's knowledge or consent. There are allegations in the bill describing the defendant's employment by the plaintiff as being of a fiduciary nature and charging that the fund of $7,000 to which the bill refers, as having been collected by the defendant, is held by him under a constructive trust for the plaintiff's use.

It was averred that the defendant concealed from the plaintiff the nature of his relations with the Fairview Department Store, Inc., and failed to disclose the amount of

his investment in the stock of that corporation, and that by reason of his fiduciary relation to the plaintiff, and of his concealment of his personal interest in the debtor company, he was chargeable as a trustee for any profits which he may have made by the use of his fiduciary position and for "any amounts which he received in payment for his interest in the company by subordinating the prior rights of the plaintiff as a creditor."

The bill prays for a discovery as to the defendant's transactions with the Fairview Department Store, Inc., and its successors, in regard to all sales and collections made by him while in the plaintiff's service; for an accounting by the defendant as to all sums received by him from the sources just indicated; for a decree declaring the sum of $7,000 collected by the defendant, as mentioned in the bill, to be impressed with a trust in favor of the plaintiff, and requiring the defendant to pay that sum to the plaintiff, as well as any other amounts received by him from the same source for which he may be accountable, and for general relief.

As to a part of the case presented by the bill of complaint there would plainly be an adequate remedy at law. The recovery of the fund of $7,000 claimed in the bill could be readily accomplished in a legal action upon proof of the facts which are here alleged. The items of that claim are definitely known to the plaintiff, and do not need to be ascertained through discovery and accounting. It is charged that the defendant received a certain sum for the plaintiff's use, and it is clear that a suit at law would be an available and effective means of enforcing a specific liability thus incurred. *Cromwell* v. *Chance Marine Co.,* 131 Md. 105; *Downes v. Balto. City,* 111 Md. 674; *Mills* v. *Bailey,* 88 Md. 320. The fact that the defendant may have received in a fiduciary capacity the money sought to be recovered would not render an action of assumpsit inappropriate. But, on the other hand, the plaintiff is not compelled to resort to his legal remedy if the case is one in which he has a concurrent right

to seek relief in a court of equity. *Dombrovski* v. *Baltimore,* 141 Md. 422; *Rock Hill College* v. *Jones,* 47 Md. 1.

It is not as an ordinary debtor that the defendant is charged with liability in regard to the fund to which the bill mainly refers. The money was received by him in pursuance of an employment which reposed in him special trust and confidence and conferred upon him full authority and discretion within the sphere of his service, but which also imposed upon him specifically the duty to deliver to the plaintiff the proceeds of all collections over which he had been given control. It was the plaintiff's money that he collected, as the demurrer admits, and in addition to his general liability he was under express instructions to place the funds so received at the plaintiff's disposal. In view of the fiduciary nature of the employment, and of the conditions under which the defendant was authorized to make collections, there is adequate ground for the conclusion that the funds retained by the defendant were impressed with a trust for the plaintiff's benefit. This view is supported by the decision in *Dillon* v. *Conn. Mutual Ins. Co.,* 44 Md. 386. In that case it was held that a court of equity had jurisdiction, at the suit of the insurance company, to require the defendant, its agent, to account for and pay to the plaintiff amounts which the agent had retained, out of premiums collected, in excess of the commissions to which he was entitled, contrary to the instructions given him to deposit the premiums in a bank selected by the plaintiff, and in a separate account for its use, the defendant retained and deposited elsewhere a part of the money so collected, this being done in anticipation of a refusal by the plaintiff to recognize his right to the full allowance of commissions which he claimed. The Court held that, regardless of the allegations of fraud in the bill of complaint, and apart from the grounds of discovery and account, upon which the jurisdiction invoked was said to be sustainable, there was another ground upon which it could rest. The defendant, said the Court, "not only held the fiduciary relation to the company of its agent, but was acting in respect to

this, and all the money he collected while such agent, under specific directions as to what he should do with it, directions which the company had the right for its own protection and that of its policy holders, to have specifically performed. We do not, therefore, regard him as standing in the relation simply of a debtor to the company, nor do we regard this money in his hands as in the nature of a mere debt due by him to the company, for which an action at law only will lie. He must, we think, be regarded and treated as a trustee, and the funds thus in his hands must be considered as so far impressed with a trust as to give a court of equity jurisdiction of the case on that ground if on no other."

In the present case the allegations as to the defendant's retention of money received by him in a fiduciary character for the plaintiff are connected with averments as to certain related acts of the defendant, affecting the plaintiff's pecuniary interests, in regard to which a discovery and an accounting are demanded by the bill of complaint. It is stated in the bill that while the defendant had never explained the reason for the charge to profit and loss of $4,082.49 of the Fairview Department Store account, yet the plaintiff is informed that the entry resulted from the defendant's transactions in reference to the sale of the debtor company's assets. This is a subject in which the plaintiff has a valid and substantial interest. If its claim was sacrificed to any extent in consideration of any personal advantage to the defendant, as a stockholder in the debtor corporation, resulting from the acts referred to, which he is alleged to have concealed, there is clearly sufficient reason for requiring him to make the discovery and accounting which the bill proposes.

The case presented by the allegations of the bill is one which, in our opinion, a court of equity has power to hear and determine. The order overruling the demurrer will, therefore, be affirmed and the case remanded for further proceedings.

*Order affirmed, with costs, and case remanded.*