## JACOB R. LEGUM *v.* MALCOLM A. CAMPBELL.

*Bill for Accounting—Sharing of Profits—Laches—Existence of Remedy at Law.*

To a bill for an accounting as to the profits of defendant's business, a certain percentage of which was to be paid to plaintiff in addition to his salary as employee, the defense of laches was not available, the bill having been filed within two months after the time named in the contract of employment for the payment of such percentage.      p. 150

In a suit for an accounting as to plaintiff's share in the profits of defendant's business under a contract of employment, it was sufficient that the accrual of profits was implied in the allegations of the bill, the defendant having full and direct knowledge of the facts.      p. 150

An averment that a written contract of employment was verbally renewed was equivalent to an allegation that it was continued on the same terms.      p. 150

The existence of a right on plaintiff's part to bring an action at law for enforcement of his claim is not a reason for sustaining a demurrer to the bill, if there is any ground upon which relief in equity may be invoked.      p. 150

Defendant's sales manager, being entitled by his contract of employment to a certain percentage of the profits of the business, could sue in equity for a discovery and accounting as to such profits, upon defendant's refusal of an accounting, the latter's knowledge as to the expenses of the business being presumably more complete than that of plaintiff.      p. 151

*Decided November 18th, 1925.*

Appeal from the Circuit Court No. 2 of Baltimore City (STANTON, J.).

Bill by Malcolm A. Campbell against Jacob R. Legum, trading as the Park Circle Motor Company. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Louis Hollander,* for the appellant.

*John D. Nock,* for the appellee.

URNER, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that the defendant, being engaged in the business of selling and distributing Chevrolet automobiles, employed the plaintiff as sales manager under an agreement in writing, filed with the bill, which provided that the employment should continue from April 1st to December 31st, 1922, and that the plaintiff should be paid for his services a weekly salary of fifty dollars, and at the termination of the agreement an additional sum amounting to five per cent of the net profits of the business. The agreement was verbally renewed and continued in force, as the bill avers, until October 14th, 1924, when it was terminated by mutual consent. It is alleged that the plaintiff fully performed the service required of him by the agreement, but that the defendant, though frequently requested, refuses to account for the plaintiff's share of the net profits of the business for the period of the employment. It is, therefore, prayed that the defendant may answer under oath and make discovery of the receipts and expenses of the business from April 1st, 1922, to October 14th, 1924, and account with the plaintiff for his share of the net profits.

The case is brought to this Court by the defendant's appeal from an order overruling a demurrer to the bill. The grounds of the demurrer are, that the bill does not state facts which entitle the plaintiff to relief in equity, and that the plaintiff appears from the bill to have been guilty of laches.

Under the terms of the agreement, the plaintiff's percentage of the profits was not to be paid him until the expiration of the contractual period of his service. That period was extended, as alleged, by a verbal renewal of the agreement, until October 14th, 1924, and the bill was filed within two months after that date. The defense of laches is clearly not sustainable.

In support of the other ground of demurrer it is argued that the bill is deficient in not alleging that profits were in fact realized from the business in which the plaintiff was employed, and in not stating the terms upon which his contract of employment was renewed, and it is specially contended that the bill mentions no conditions which would prevent the plaintiff's resort to an action at law for adequate relief, or would authorize a court of equity to decree discovery and accounting.

The accrual of profits from the business is implied in the allegations of the bill, and as the defendant had full and direct knowledge of the facts, it was not necessary, for the purposes of his defense, that the statement of the bill on that subject should be more explicit. The averment that the contract of employment was verbally renewed is equivalent to an allegation that it was continued on the same terms.

The existence of a right on the part of the plaintiff to bring an action at law for the enforcement of his claim would not be a sufficient reason for sustaining the demurrer to the pending bill, if there is any ground upon which relief in equity may be invoked. In *Lupton v. American Wholesale Corporation,* 143 Md. 333, 336, we said that "the plaintiff is not compelled to resort to his legal remedy if the case is one in which he has a concurrent right to seek relief in a court of equity. *Dombrovski v. Baltimore,* 141 Md. 422; *Rock Hill College v. Jones,* 47 Md. 1." Independently of any question of partnership, it was held in *Bruns v. Spalding,* 90 Md. 349, that a suit in equity could be maintained for an accounting as to the profits of an enterprise in which the

parties were jointly interested. The opinion in that case referred to the very excellent note to the case of *Wiggins v. Bisso,* in 5 Am. & Eng. Decisions in Equity, in which "the question of accounting between joint owners of property is discussed," and which stated that a bill will lie "to adjust the rights of those who are entitled to a share in the profits of a business adventure." This principle was applied also in the case of *Campbell v. Burnett,* 120 Md. 214. The right of the City of Baltimore to a discovery and an accounting in equity as to the taxable earnings of a railway company was sustained in *Union Pass. R. Co. v. Baltimore,* 71 Md. 238. The following quotation was made, in the opinion in that case, from 1 *Story's Equity,* sec. 459 : "It may be laid down as a general doctrine, that in matters of account, growing out of privity of contract, courts of equity have a general jurisdiction when there are mutual accounts (and *a fortiori* where the accounts are complicated), and also where accounts are all on one side, but a discovery is sought and is material to the relief." In *Carroll County v. Westminster,* 123 Md. 198, it was decided, as stated in the syllabus, that where "a municipal corporation seeks an accounting from a county for the proportion of the county roads tax which should, under the law, be paid to the city for its streets, etc., and when the amounts actually collected and the accounts concerning them, are all in the possession and control of the county authorities, a case for equitable relief is presented."

Applying the principle of the cases cited, we concur in the ruling of the lower court on the demurrer. There appears from the allegations of the bill to be ground for discovery and accounting as to the share of the profits to be paid the plaintiff under his contract of employment. In order to be informed as to the amount of the profits, he would have to be apprised not only of the receipts but also of the expenses. The duties of a sales manager may give him no occasion to become familiar with all of the various expenses incurred in the business, while the proprietor would ordinarily have exact and complete knowledge on that subject.

The alleged refusal of the defendant to have an accounting with the plaintiff as to the profits, in which he claims a contractual interest, indicates the need of the equitable relief to which the bill is directed.

> *Order affirmed with costs, and cause remanded for further proceedings.*