# SAMUEL ZALIS *v.* JOE ORMAN

[No. 54, April Term, 1938.]

*Decided June 14th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William Saxon,* with whom was *Albert B. Huss* on the brief, for the appellant.

*Vernon Cook,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that the defendant has been engaged for many years in the manufacture of shirts under the name of "Baltimore Shirt Company"; that the plaintiff has been employed as general manager of the business for a compensation which was to include a percentage of its net profits; that prior to the end of the year 1935 he was credited with ten per cent. of such profits, but it was then agreed that he was to receive thereafter twenty per cent. of the first $15,000 and ten per cent. of the profits in excess of that amount; that the books and records showing the credits and debits to the plaintiff's account under the terms of his employment are in the possession and under the sole control of the defendant; that according to the entries in the account from December 1st, 1935, to December 31st, 1936, there was a balance of $8800 due the plaintiff as of the latter date, of which amount he has since received $1500, leaving a balance of $7300 which he now claims; but that the defendant disputes the plaintiff's claim and asserts that it is subject to certain offsets or deductions as to the details of which the plaintiff is not informed. The specific relief sought by the bill is an accounting to ascertain the exact sum due from the defendant to the plaintiff and a decree for the payment of the amount so determined.

The defendant demurred to the bill of complaint, and has appealed from an order by which the demurrer was overruled. It is argued on behalf of the defendant that the bill discloses no ground upon which the jurisdiction of a court of equity could properly be invoked for an accounting, since the claim of the plaintiff is for a definite balance, resulting from credits and debits stated in the bill, and is therefore recoverable, if valid, in an action

at law, with the aid, if needed, of the discovery provisions of the Code (article 75, sections 106, 107). But it is admitted, for the purposes of the demurrer, that the plaintiff's demand is opposed by a counter claim for deductions and offsets of which he has not been informed, and that the compensation sued for includes a share of the net profits earned in the business of which he was the manager.

In *Legum v. Campbell,* 149 Md. 148, 131 A. 147, the suit was in equity to ascertain by an accounting, and to recover, the plaintiff's share of the business profits accruing to him under his contract of employment, as the defendant's sales manager. The appeal in that case also was from an order overruling a demurrer to the bill of complaint. In affirming the order this court said (page 151, 131 A. page 148) : "The existence of a right on the part of the plaintiff to bring an action at law for the enforcement of his claim would not be sufficient reason for sustaining the demurrer to the pending bill, if there is any ground upon which relief in equity may be invoked. *In Lupton v. American Wholesale Corporation,* 143 Md. 333, 336, 122 A. 315, we said that 'The plaintiff is not compelled to resort to his legal remedy if the case is one in which he has a concurrent right to seek relief in a court of equity. *Dombrovski v. Baltimore,* 141 Md. 422, 118 A. 861; *Rock Hill College v. Jones,* 47 Md. 1.' Independently of any question of partnership, it was held in *Bruns v. Spalding,* 90 Md. 349, 45 A. 194, that a suit in equity could be maintained for an accounting as to the profits of an enterprise in which the parties were jointly interested. The opinion in that case referred to the very excellent note to the case of *Wiggins v. Bisso,* in 5 Am. & Eng. Decisions in Equity, 51, in which 'the question of accounting between joint owners of property is discussed,' and which stated that a bill will lie 'to adjust the rights of those who are entitled to a share in the profits on a business adventure.' This principle was applied also in the case of *Campbell v. Burnett,* 120 Md. 214, 87 A. 894."

The Code provisions for discovery in actions at law have been held·not to affect the equitable jurisdiction which may ordinarily be exercised in appropriate suits for discovery and accounting. *Hill v. Pinder,* 150 Md. 397, 133 A. 134; *Union Pass. R. Co. v. Baltimore,* 71 Md. 238, 17 A. 933. The decisions in those and other cases recognize the principle that "where a court of equity has original jurisdiction, and a statute confers upon the common law courts a similar power, the jurisdiction of equity is not thereby ousted." *Carter v. Suburban Water Co.,* 131 Md. 91, 95, 101 A. 771, 772; *Shryock v. Morris,* 75 Md. 72, 23 A. 68; *Schroeder v. Loeber,* 75 Md. 195, 23 A. 579, 24 A. 226; *Barnes v. Crain,* 8 Gill 391, 398.

In the cases of *Anderson v. Watson,* 141 Md. 217, 118 A. 569; *Johnson & Higgins v. Simpson,* 165 Md. 83, 166 A. 617, and *Standard Founders v. Oliver,* 168 Md. 317, 178 A. 223, upon which the appellant relies, there were no joint interests in business profits to be adjusted. But as such an occasion for discovery and accounting is alleged to exist in the present case, and as that has been adjudged by this court to be a sufficient ground of equitable jurisdiction, we concur in the view of the chancellor that the bill of complaint is not demurrable, but should be answered.

*Order affirmed, with costs, and cause remanded for further proceedings.*