MINUS W. WHITELEY ET AL. *v.* LAWRENCE J. SCHOENLEIN

[No. 26, October Term, 1944.]

 ██

 ██

 

 

*Decided November 2, 1944.*

592

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*John J. Pratt* submitted on brief for the appellant.

*Joseph S. Knapp, Jr.*, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Lawrence J. Schoenlein filed a bill of complaint in the Circuit Court No. 2 of Baltimore City against Minus W. Whiteley and John C. Kump in which he alleged substantially the facts set out in the following paragraph.

The complainant had been engaged for many years in the business of developing real estate and building houses for sale. He had recently been associated with a corporation which purchased ten lots in Baltimore County and undertook the completion of ten houses thereon, primarily with funds obtained on a construction mortgage. Because of increased cost of material and labor, the corporation was unable to complete all the houses. After one house was completed and sold, the mortgagee instituted foreclosure proceedings. At the time of the foreclosure the other houses were in various stages of completion. The complainant had personally worked on this building operation for more than a year as supervisor, construction foreman, carpenter and bricklayer and personally advanced large sums of money to the corporation. At the time of the mortgage foreclosure three of the almost completed houses were under contract to be sold. He contacted John C. Kump, one of the defendants, advised him of the foreclosure sale and the amount of money necessary to pay the mortgage at foreclosure sale. He gave him an approximate estimate of additional cost necessary to complete the houses and do the grading and surfacing, and a conservative estimate of the money which could be realized from a sale of the houses. He advised Kump that he was convinced that a substantial profit could be made. The defendant, John

C. Kump, thereupon entered into an agreement with the complainant under which Kump agreed to attend the sale and bid for the property up to at least the amount necessary to pay off the mortgage, if this was required to purchase the property, and to supply and furnish all the money necessary to purchase the property and complete the building operations. The complainant agreed to take complete charge of the completion of the construction and sale of the houses. It was further agreed between Kump and the complainant that the profits from the operation would be divided fifty per cent to said Kump and fifty per cent to the complainant. On the day of the sale the two defendants and the complainant held a meeting on the property before the sale when the agreement heretofore set out between the complainant and Kump was fully outlined to Minus W. Whiteley, including the provision for the payment of fifty per cent of the profits to the complainant and Whiteley agreed at the instance of Kump to become a party to the agreement heretofore set forth without any reduction in the share of the profit to the complainant. Minus W. Whiteley was to receive a portion of the share of the fifty per cent profit to which Kump would have been entitled for furnishing all of the money and capital. The defendants, Kump and Whiteley, and the complainant attended the sale and the properties were bid in by Kump for the price of $36,500, which was slightly less than the amount required to pay off the mortgage in full. The sale was reported to the Court in the names of the two defendants and the property later deeded to them. Several days after the foreclosure sale the complainant and the two defendants met at Towson and arranged for grading and surfacing and the amount to be paid. After completing these arrangements, the defendants and complainant held a meeting at which the agreement was again outlined in detail including the fifty per cent share of the profits to be paid to the complainant and again affirmed and ratified by all parties with a modification that Whiteley, who is also a builder, would have

final authority in regard to the completion of the building operations and Kump, a lawyer, would attend to the legal work, and subject only to these modifications complainant would work and act on the job as previously agreed. Immediately after the foreclosure sale, for a period of about three months, and not engaging in any other work, and receiving no compensation for his services, the complainant, pursuant to the agreement, worked continuously on the building operation until it was completed and personally effected the sale of three of the six houses which were unsold at the time of the foreclosure and interviewed many other prospects for the other three houses. Shortly after the completion of houses, sale and settlement for all nine houses, the complainant was advised by the defendant, Kump, that statements of accounts were being worked up and division of the profits would be made within a week thereafter. Upon later inquiry complainant was advised by Kump that sickness had prevented defendant, Whiteley, from having the accounts ready. Finally on or about October 25, 1943, complainant, pursuant to an appointment, went to Kump's office where both Kump and Whiteley were present to receive his fifty per cent of the profits from the building operation. For the first time since making the agreement, the defendants refused to give an accounting or pay the complainant in accordance with the aforesaid agreement, the nine houses having been completed and sold and settlement made therefor. The complainant has completed and fulfilled his portion of the agreement and partnership in every respect, and a substantial profit was made from the joint adventure. The defendants have custody and control over all the records and have failed to make an accounting to the complainant and have also refused to pay him fifty per cent of the profits thereof in accordance with the agreement herein set forth.

After a recital of these facts, the complainant asked for discovery and account under oath; that the Court ascertain the amount due the complainant from the

defendants and the defendants be required to pay that amount; that the defendants be required to disclose where the net profits arising from this partnership are located and be declared to be held by the defendants in trust for the complainant under the terms of the agreement; that the defendants be restrained and enjoined from disposing of said funds until final order of the Court. The complainant also asked for further relief.

To the bill of complaint the defendants filed a demurrer and after argument, the Chancellor, by order passed on February 9, 1944, overruled the demurrer and allowed the defendants thirty days to answer the amended bill of complaint. From that order of the Chancellor the appellants appeal to this Court.

Appellants contend that the bill of complaint is defective because it does not state with certainty what part of the money Minus W. Whiteley, who became a party to the agreement, was to furnish nor what share in the fifty per cent of the profit he was to receive. The bill stated that Whiteley became a party to the agreement and was to put up a part of the necessary money that Kump originally agreed to supply, and was to share in part of Kump's fifty per cent of the profit at the instance of Kump. According to the allegations of the bill, this was a matter between Kump and Whiteley and did not in any way affect the complainant's fifty per cent of the profit. As appellants contend it is necessary that the bill of complaint set out material facts with positiveness and certainty (*Boyd v. Shirk*, 125 Md. 175, 93 A. 417), yet a general charge of facts is sufficient, and it is not necessary to state minutely all the circumstances which may conduce to prove the general charge. These circumstances are properly matters of evidence. *Miller's Equity Procedure*, p. 116; *Mewshaw v. Mewshaw*, 2 Md. Ch. 12, 15; *Dennis v. Dennis*, 15 Md. 73, 124. The money was put up and the work completed. If Whiteley took over part of Kump's original obligation at the instance of Kump and performed part of Kump's original undertaking with the consent of the complainant according

to the allegations of the bill, the complainant is not concerned with the division of their fifty per cent. The bill alleges a joint business adventure and equity gives relief to adjust the rights of those who are entitled to share in the profits. *Bruns v. Spalding,* 90 Md. 349, 45 A. 194; *Morgart v. Smouse,* 112 Md. 615, 77 A. 137.

As to the contention that the complainant nowhere states the basis of his belief that there was a substantial profit and that this is a mere conclusion of the pleader, the bill does allege that the defendants have custody of all the records and have failed to make an accounting. The rule requiring positiveness of pleading is relaxed so as to permit an allegation on information and belief where the fact is not presumably within the knowledge of plaintiff but is within that of the defendants. *Hendrickson v. Standard Oil Co.,* 126 Md. 577, 588, 95 A. 153. As to the contention that the bill does not show valid title in the appellee, it is only necessary to point out that the complainant does not claim title to the property but to a part of the profits therefrom as specified in the recited agreement.

Although not raised by the appellants in their brief, in passing, it might be well to note the contract is not within the Statute of Frauds because not in writing, especially as it is alleged to have been executed. *Hardesty v. Richardson,* 44 Md. 617, 624, 22 Am. Rep. 57; *South Baltimore Co. v. Muhlback,* 69 Md. 395, 404, 16 A. 117; *Bruns v. Spalding,* supra; *Morgart v. Smouse,* 103 Md. 463, 467, 63 A. 1070; *Singer Const. Co. v. Goldsborough,* 147 Md. 628, 128 A. 754; *Hohman v. Hohman,* 164 Md. 594, 165 A. 812.

As to the contention that the bill of complaint does not show mutuality in the alleged promise or obligation assumed by the appellee to entitle him to relief, this Court cannot see the force of this argument for the bill of complaint states what the appellee obligated to do and further alleges that he has completed and fulfilled his portion of the agreement in every respect.

Appellants claim that even if an enforceable agreement were made, the appellee has an adequate and com-

plete remedy at law and that the bill states a case for a share of profits as compensation to an employee. The bill of complaint alleges and specifically uses the word "partnership" and as there is nothing in the bill which appears to contradict that allegation, but on the contrary, prima facie sustains it, this Court must, for the purposes of this case as now before us, assume it to be true. *Bruns v. Spalding,* supra, 90 Md. at page 359, 45 A. 194. The case of *Bruns v. Spalding,* supra, cites with approval the case of *Petrie v. Torrent,* 88 Mich. 43, 49 N. W. 1076, in which the facts are strikingly similar to those in the case now before this Court. In that case a bill in equity for failure to account was sustained. The facts showed that the complainant had a verbal option to purchase certain lands and timber. Being without means, himself, he arranged with the defendant, who agreed to pay one-half the cost of examining the timber, and, if satisfactory, to furnish the purchase money for the property and give the complainant one-third of the net profits from the sales. The complainant agreed to pay the other half of the expense of examining the timber and to give his services in carrying out the undertaking. The defendant purchased the property in his own name, sold some of it with complainant's assistance for more than the total cost, and contracted for the manufacture of the rest of timber into lumber, one half of the gross receipts of which he was to receive. After defendant received a large amount of such receipts and on his failure to account, complainant filed a bill in equity for an accounting of his share of the net profits, and he was granted relief.

The rule in this State is that the existence of a right to bring an action of law for the enforcement of complainant's claim is not sufficient reason for sustaining a demurrer to the bill if there is any ground upon which relief in equity may be invoked. Aside from any question of partnership, this Court held in the case of *Bruns v. Spalding,* supra, that a suit in equity could be maintained for an accounting of the profits of an enterprise

in which the parties were jointly interested, and a bill will lie to adjust the rights of those entitled to a share in the profits of a business adventure. *Rock Hill College v. Jones,* 47 Md. 1; *Campbell v. Burnett,* 120 Md. 214, 87 A. 894; *Dombrovski v. Mayor of Baltimore City,* 141 Md. 422, 118 A. 861; *Lupton v. American Wholesale Corp.,* 143 Md. 333, 336, 122 A. 315; *Legum v. Campbell,* 149 Md. 148, 150, 151, 131 A. 147. This rule was reaffirmed in the case of *Zalis v. Orman,* 175 Md. 100, 102, 199 A. 877, where the complainant had been employed as general manager of a business for a compensation which included a percentage of its net profits and in which this Court upheld a bill of complaint in which the petitioner sought an accounting for the amount due him and a decree for the payment of that amount. *Vincent v. Palmer,* 179 Md. 365, 19 A. 2d 183.

The bill of complaint now before this Court prima facie states an enterprise in which the parties were jointly interested. Even if it might be considered that the complainant was the agent of the defendants, it was recently held in the case of *Goldsborough v. County Trust Co. of Maryland,* 180 Md. 59, 61, 22 A. 2d 920, that when the rights of an agent against his principal can be ascertained only by reference to accounts or information in the possession of the principal, there is a usual ground of jurisdiction in equity for discovery and accounting in spite of the facilities for obtaining discovery at law under the Code, Article 75, Sections 106, 107. *Union Pass. Ry. Co. v. Mayor of Baltimore,* 71 Md. 238, 17 A. 933; *Hill v. Pinder,* 150 Md. 397, 407, 133 A. 134; *Zalis v. Orman,* supra; *Miller's Equity Procedure,* Section 721.

We therefore concur in the view of the Chancellor that the bill of complaint is not demurrable but should be answered.

*Order affirmed, with costs, and cause remanded for further proceedings.*