JOHN GLENN and others, trading as JOHN GLENN & Co., *vs.* C. Y. DAVIDSON.

*Real Estate Brokers—when entitled to commissions.*

D. employed G., a property agent in Baltimore. at a commission of two and a half per cent. to negotiate for him a loan of $10,000, *for three years* at eight per cent. to be secured by a mortgage on real estate. D. also employed other property agents to effect the same loan on the same terms. G. discovered a person able and willing to make the loan, and notified D. who, declined to accept, stating that he had already perfected a loan of that amount on the same property and at the same rate *for one year*, through one of the other agents whom he had employed, and had paid him his full commissions. It was a usage among the brokers in Baltimore, that when two or more were employed to negotiate the same transaction, the broker who first succeeded in making such negotiation was entitled to full commissions and the others were not entitled to any. G. sued D., for his commissions, alleging that his right to recover could not be affected by the usage, because the loan made differed from the one which he had been employed to make in being for one year, instead of three; HELD :

That the loan accepted was substantially the same as that which G. had been employed to negotiate, and that G. under the recognized custom of brokers, was not entitled to recover.

APPEAL from the Circuit Court of Common Pleas.

The facts are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT and ROBINSON, J.

*A. McD. McBlair* and *T. Wallis Blackistone,* for the appellant.

If the appellants found a person ready, able and willing to make the loan which they were employed to negotiate, upon the terms upon which they were authorized by the defendant to negotiate it, and so notified the

defendant, and the consummation of the loan was prevented solely by the fault or refusal of the defendant, they were entitled to recover, unless the jury found the existence of the custom alleged to exist among brokers in Baltimore, and that the defendant had obtained a loan in all respects similar from another broker before he was notified by the plaintiffs. *Schwartze vs. Yearly*, 31 *Md.*, 270 ; *Henderson and Lupton vs. Kimberly*, 29 *Md.*, 512.

*R. Stockett Matthews*, for the appellee.

BRENT, J., delivered the opinion of the Court.

The action in this case was brought to recover a broker's commission of two and a half per cent. on $10,000. It appears that the appellee employed the appellants, who are property agents in the City of Baltimore, to negotiate for him a loan of that amount, upon mortgage on certain real property belonging to him, for three years, at the rate of eight per cent. per annum. He also employed other property agents in Baltimore to effect the same loan upon the same terms. These appellants succeeded in effecting the loan upon the terms stipulated from a responsible person, who was ready, able and willing to comply on his part, and so notified the appellee. He did not, however, accept the loan, stating as his reason that he had already perfected a loan of that amount upon the same property and at the same rate for one year, through one of the other agents whom he had employed and had paid him his full commissions. Upon these facts the appellants claim they have a right to recover.

The right of the appellee to employ at the same time more than one broker to effect a loan was conceded at the argument, and also the usage among brokers to the effect that when two or more were employed to negotiate the same transaction, the broker who first succeeded in mak-

ing such negotiations was entitled to full commissions, and the others were not entitled to any.

But it was contended on the part of the appellants, that their right to recover could not be affected by this custom, because the loan which had been obtained, although the same in other respects, differed from the one, which they had been employed to make, in being for one year instead of three ; and they insist that their third prayer, which presents this point, ought not to have been rejected by the Court below.   A broker who fully discharges his duty, and performs all that he undertook to do, is entitled to recover for his services, without regard to the fact whether such services were beneficial, or of value to his employer. *Henderson & Lupton vs. Kimberly*, 29 *Md.*, 512 ; *Schwartze vs. Yearly*, 31 *Md.*, 270.   The only exception to the rule is that which grows out of the usage or custom of brokers above referred to.   And this brings us to the question, was the loan effected for the appellee through the agency of another broker, the same transaction as that which the appellants had been employed to accomplish ?   If it was, there is an end of this case.   In substance, and in all its important elements, it unquestionably was.   It was for the same amount, at the same rate of interest, and upon the same security.   What the appellee desired to secure, through the agency of those whom he employed, was a fixed sum of money, for the use of which he proposed to allow to the lender eight per cent. per annum, and to give him as security a mortgage upon certain designated property.   These, and not the time mentioned, were of the essence of the transaction, and the important marks by which its identity is to be determined.   It would be giving too narrow a construction to the rule, so wisely established by the custom among brokers to avoid the payment of double commissions, to hold that any and every slight variation of terms changed the character of a transaction, although its more important features were left unaltered.

It is impossible to lay down a rule specifying what variations from the proposed transaction will destroy its identity, as each case of this sort must depend upon its peculiar facts, but it may be stated generally that the alteration in the terms must be so material, that the two transactions cannot be fairly said to be substantially the same. If they are substantially the same, but one commission is to be paid, and that to the broker who first submits the one negotiated by him to the approval of his employer. We cannot assume, in the absence of any proof upon the subject, that it is more difficult to procure a loan, upon satisfactory security, for three years than for one. Those who are seeking investments would ordinarily prefer the longer period, so as to avoid the trouble and expense of a re-investment. It cannot, therefore, be said to follow, as of course, that the greater difficulties to be encountered by the appellants in procuring a loan for three years rendered the loan proffered through them substantially a different transaction from the one which was accepted by the appellee, through the agency of another broker. We are all agreed that the loan accepted in this case was substantially the same as that which the appellants had been employed to negotiate. And as it was first negotiated through the agency of another broker, who is entitled to full commissions on it, these appellants, under the recognized custom of brokers, are not now entitled to recover the commissions claimed by them. It follows that the third prayer offered by them was properly refused by the Court below.

It becomes unnecessary to examine fully the twelfth, thirteenth and fourteenth prayer of the defendant. While we do not affirm the "literal correctness" of the twelfth, or the application of the doctrine, announced in the fourteenth prayer, to the facts in this case, we think the law of the case was properly given to the jury by the first and second prayers of the plaintiffs which were granted, and in the thirteenth prayer of the defendant.

The views, however, which we have expressed in regard to the third prayer of the plaintiffs are fatal to their recovery, and even if we considered the defects in the twelfth and fourteenth prayers of the defendant sufficiently vital to justify a reversal, the case would not be sent back for a new trial.

*Judgment affirmed.*