GRANT COAL COMPANY OF ALLEGANY COUNTY *vs.*
JAMES N. CLARY.

*Construction of the Act of 1846, ch. 279—Limited jurisdiction
of Orphans' Courts—When executors and administrators
authorized to convey Real estate sold by Testators and intes-
tates—Evidence—Effect of an order of the Orphans' Court
directing the Executors of a deceased Vendor of land to exe-
cute a deed to the Purchaser, where the Executors die without
executing such deed.*

The Act of 1846, ch. 279, authorizing deeds to be made by the exe-
cutors or administrators of persons making sale of real estate and
dying before receiving the purchase money, or conveying the land
to the purchaser, requires the executor or administrator of the
person so dying to satisfy the Orphans' Court that the purchaser
had paid the full amount of the purchase money.  On the petition
of B. filed in the Orphans' Court for Allegany County, and the
answer of the executors of C. thereto, the said Court on the 14th
of November, 1854, passed an order directing the executors to
execute and deliver to B. a deed in fee for certain land described
in the order ; but the executors died without making such deed.
On a bill filed by the G. C. Co., claiming title under B., against
the heirs of C., for an injunction to restrain one of said heirs from
prosecuting an action of ejectment for said land, and for the ap-
pointment of a trustee to convey said land to the complainant, and
claiming that B. had purchased the land from C. and paid him for
it in his life-time, although he had received no deed for it, it was
HELD :

1st. That Orphans' Courts in this State exercise special and limited
jurisdiction, *expressly conferred by statute;* and the Act of 1846, ch.
279, neither in terms, nor by implication, confers jurisdiction upon
such Courts to hear and determine controversies in regard to sales
of real estates by testators or intestates.

2nd. That it merely authorizes executors and administrators to con-
vey real estate sold by testators, provided they satisfy the Orphans'
Court that the purchase money has been paid ; and satisfactory
proof of such payment is a *condition precedent* to the exercise of
the power.

3rd. That the title of the purchaser is derived from the *deed of the executor*, and not from *the order of the Orphans' Court*.

4th. That if the executor dies before the execution of the deed, his answer admitting the receipt by him of the purchase money, would no doubt be admissible in evidence to prove such payment, in a proceeding against the heirs at law of the testator for a conveyance of the property. And it may be that an order or minute of the Orphans' Court, setting forth the fact that the executor had furnished to the Court satisfactory proof of the payment of the purchase money, would also be admissible.

5th. That in this case, the answer of the executors being lost, and the order of the Orphans' Court no where stating that the executors had furnished proof in regard to the payment of the purchase money by B., such order constituted no bar to the claim of title set up by the heirs at law of C.

6th. That the order of the Orphan's Court being out of the way, there was no proof whatever to support the allegations in the bill.

APPEAL from the Circuit Court for Allegany County, in Equity.

The appeal in this case was taken by the complainant, from an order of the Court below, (MOTTER, J.,) dissolving an injunction. The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, and RITCHIE, J.

*Robert H. Gordon*, for the appellant.

*R. T. Semmes*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an application for an injunction to restrain the appellee from prosecuting an action of ejectment, to recover a tract of land called "*Rhoda*," and also for the appointment of a trustee, to convey said tract to the appellant.

The bill alleges, that Gustavus Beall, under whom the appellant claims title, bought the land in question of Gerard Clary, the ancestor of the appellee, that the contract of purchase, the complainant is advised and believes, was in writing, but that he is unable to find the same, and cannot, therefore, state its terms and conditions; that the whole purchase money has been paid, that Clary died in 1850, without executing a deed, that in 1854, the Orphans' Court of Allegany County, upon the petition of Beall, the purchaser, and the answer of the executors of Clary, directed them to execute a deed of said tract to him, and that the executors died without executing the same.

The bill further alleges, that in pursuance of said agreement of purchase, Beall took possession of the property, and that it had ever since remained in his possession, and of those under whom the appellant claims.

The following is a copy of the order of the Orphans' Court filed as an exhibit with the bill :

"In the Matter of the petition of Gustavus Beall *vs.* The Executors of Gerard Clary, deceased.

"The petition of Gustavus Beall, filed in this Court against the executors of Gerard Clary, and the answers of said executors thereto, having been read and considered, and the Court being informed by George A. Pearre, that the said Beall is willing to take the deed as the said executors are willing to grant it,

"It is thereupon, this 14th of Nov'r, 1854, ordered and adjudged by the Orphans' Court of Allegany County, that the executors of Gerard Clary, deceased, make, execute and deliver to the said Gustavus Beall, at the proper cost and charges of said Beall, a deed in fee simple, conveying to him the tract of land called 'Rhoda,' and also the piece or parcel of land described in the agreement of said Clary, bearing date the 4th of March, 1847, and marked on the back ' No. 2,' the conveyance of this last piece to

contain a clause of re-entry upon said land, in case any spirituous liquors are ever sold upon said land, or in case any tavern is ever erected thereon, and the said deed be thereupon void and of no effect."

The Act of 1846, chapter 279, in pursuance of which this order was passed, recites, "That whereas, it is represented to this General Assembly, that there are cases occurring in the several counties and cities of this State, wherein persons have made sale of real estate, and have died before receiving the purchase money, or conveying the same to the party purchasing, by deed, and whereas, the costs attending the making of deeds through the agency of our Courts of equity, are heavy and grievous to be borne in many cases,—therefore, Be it enacted, that the deed of the executors or administrators of persons dying, or having died as aforesaid, shall be good and valid in law, &c., * * * provided that the executors or administrators of the persons so dying, shall satisfy the Orphans' Court, * * * that the purchaser has paid the full amount of the purchase money."

The second section provides, that the money received by the executor, shall be returned by him as a sperate debt.

The order of the Orphans' Court, it will be observed, does not set forth the fact, that the executors had satisfied the Court of the payment of the purchase money, but merely states that the Court was informed by George A. Pearre, that Beall was willing to take the deed, and that the executors were willing to execute it. The petition of Beall and the answers of the executors, which might have thrown some light on the subject have both been lost.

It also appears, that the executors of Clary never executed a deed in pursuance of this order, although one of them lived until 1862, eight years after it was passed. And the question is, whether this order in itself, furnishes any ground for the interposition of a Court of equity by

way of injunction to restrain the heirs-at-law of Clary, from prosecuting their title to the land in question ?

The appellee insists that the Act of 1846, is applicable only to cases where the testator having sold real estate, dies before the payment of the purchase money, and which is subsequently paid to his executor ; and that it does not embrace a case like the present, where the allegation is that the whole purchase money was paid in the life-time of the vendor, in regard to the payment of which the executor may or may not have any information. The construction of the Act in this respect is not, however, necessary in this case. It is an undisputed fact that no deed was ever executed by the executors of Clary, and if it be conceded that the Act of 1846 embraces cases where the whole purchase money had been paid to the testator, and further that the order of the Orphans' Court might have furnished ground for a proceeding in equity on the part of Beall, to compel the executors to execute a deed, it is clear that the order in itself, cannot be relied on as a bar to the claim of title by the heirs-at-law of the testator.

Orphans' Courts in this State exercise a special and limited jurisdiction, *expressly conferred by statute*, and the Act of 1846, neither in terms nor by implication, confers jurisdiction upon such Courts, to hear and determine controversies in regard to sales of real estates by testators or intestates. It merely authorizes executors and administrators to convey real estate sold by testators, provided they satisfy the Orphans' Court that the purchase money has been paid. Satisfactory proof of such payment, is a *condition precedent* to the exercise of the power. The title of the purchaser is derived from the *deed of the executor*, and not from *the order of the Orphans' Court.* If the executor dies before the execution of the deed, his answer, admitting the receipt by him of the purchase money, would no doubt be admissible in evidence, to prove such payment, in a proceeding against the heirs-at-law of

the testator for a conveyance of the property, and it may be, that an order or minute of the Orphans' Court, setting forth the fact that the executor had furnished to the Court satisfactory proof of the payment of the purchase money, would also be admissible. But in this case, the answer of the executors has been lost, and the order of the Orphans' Court no where states that the executors had furnished the proof in regard to the payment of the purchase money by Beall. Under such circumstances, we are of opinion that the order of the Orphans' Court of Allegany County constitutes no bar to the claim of title set up by the heirs-at-law of Clary.

The order of the Orphans' Court being out of the way, there is no proof whatever to support the allegations in the bill. The testimony of Jacob Loar, the only witness examined by the complainant, is utterly insufficient to prove possession of the property by Beall. He says he cut some timber for Beall in 1848, on "Rhoda," that Clary objected and he stopped. That afterwards he cut more timber, but not on "Rhoda." It is evident from his testimony that he knew very little about the matter.

There was some proof offered by the appellee, to show that his ancestor claimed title and exercised acts of ownership over the property up to the time of his death. But, be this as it may, there is no proof in this record, either in regard to the sale and payment of the purchase money, or in regard to the possession of the property by Beall, and others under whom the appellant claims, to justify us in granting the relief prayed.

*Order affirmed.*