## CHARLES NEGLEY *vs.* THE HAGERSTOWN MAN-UFACTURING, MINING AND LAND IMPROVE-MENT CO.

*Prospectus of Corporations—Misrepresentation—Cancellation of Sub-scription.*

Appeal from a decree of the Circuit Court for Washington County (STAKE, J.), dismissing the bill of complaint. *Af-firmed.*

The appellee company was incorporated in February, 1890, and the appellant subscribed for three hundred shares of the par value of twenty dollars per share; but was to pay only fifty per cent. thereof in full of his subscription. At the time he subscribed he was not in funds with which to make payment in cash, and accordingly an arrangement was entered into between him and the company to the effect following: He made application to the company for the loan of three thousand dollars, the repayment of which he proposed to secure by the hypothecation of thirty shares of the capital stock of the Hagerstown Iron Works and the three hundred shares of the appellee's stock for which he offered to subscribe. This proposal was accepted by the appellee on April the twenty-ninth, eighteen hundred and ninety, and on the following day the appellant subscribed for the three hundred shares of stock. Subsequently the thirty shares of the Iron Works stock were transferred to a certificate in the name of the appellee and the certificate was delivered to the appellee's secretary, who then made out in the name of the appellant a certificate for three hundred shares of the appellee's stock. These two certificates, together with the written contract embodying the terms of the proposal and acceptance, were placed in an envelope and sealed up and retained by the appellee company. The loan, or more properly speaking what is called a loan, made by the appellee to the appellant was to be repaid in five years with interest. In point of fact no money was actually furnished by the appellee to the appellant, and though the transaction purported in form to be a loan, it was in reality an acceptance by the company of his subscription with a delivery by him of the Iron Works stock and the shares subscribed for as collateral for the payment of the sum due on that subscription. In less than a year afterwards the Hagerstown Iron Works went into liquidation and sundry sums were from time to time paid by it to the appellee on the thirty shares of stock transferred by the appellant to the appellee as collateral. The total amount thus paid reduced the sum due by the appellant to the appellee for the three

hundred shares of stock subscribed for by him, to eight hundred and thirty-seven dollars and eighty cents. The last named amount was the balance of the three thousand dollars remaining due on May the seventeenth, eighteen hundred and ninety-two. After the expiration of the five years at the end of which the alleged loan was payable, the appellant filed a bill on the equity side of the Circuit Court for Washington County against the appellee, wherein he charged that he had been induced by misrepresentations contained in a certain prospectus issued by the appellee, to subscribe for the three hundred shares of its capital stock, and wherein he prayed that a decree might be passed requiring the appellee to pay over to him all the sums it had received from the Iron Works stocks together with interest thereon; and also seeking a cancellation of the agreement of subscription. To this bill an answer was filed and thereafter evidence was taken. The Court below upon final hearing dismissed the bill upon the ground that a Court of Equity had no jurisdiction to grant the relief prayed. From this decree the pending appeal was taken.

The Court said: " Whilst the result reached by the Circuit Court was right we do not concur in the reasons assigned to support it. The learned Judge fell into an error in holding that because an action of deceit might lie and be sustained in a Court of Law, a Court of Equity was without jurisdiction to decree a cancellation of the subscription if that subscription had been, in fact, procured by fraud. This branch of equity jurisprudence has been so recently and so fully considered and discussed by us in *Refining Co.* v. *Campbell & Zell Co.*, 83 Md. 36, that we do not deem it necessary to go into it again. The bill avers that the false statements and misrepresentations which influenced the appellant to subscribe for the appellee's stock were set forth and contained in a prospectus issued by the directors. He makes no pretence or claim that he was persuaded or controlled in the slightest degree by any other representations whatever. If, therefore, assuming the prospectus to be false and fraudulent, it did not cause him to enter into the

contract which he made, the relief sought must be denied, not because the Court is without jurisdiction to grant it, but solely because the facts do not justify it. This resolves the case into a mere inquiry of fact. The overwhelming weight of the evidence leaves no room to doubt that the appellant's subscription was actually made and completed several days before the prospectus was printed. It is morally certain that he could not have been induced by the statements contained in that prospectus to make the subscription when, in point of fact, the prospectus had no existence at the time the subscription was made. And this is all we need say. As thus presented the case does not call for an analysis of the statements contained in the prospectus, nor require us to express an opinion as to what the result of this proceeding would have been had the appellant in reality been induced by that prospectus to enter into the contract which he now seeks to have annulled."

Opinion by McSHERRY, C. J., filed February 10th, 1898. *H. Kyd Douglas* for the appellant. *Alexander R. Hagner* for the appellee.