# THE WASHINGTON COUNTY WATER COMPANY

## *vs.*

# THE MAYOR AND COUNCIL OF HAGERSTOWN.

*Injunctions: based upon written instruments; filing of papers or copies; sufficiency of copy filed; question, how raised.*

Where an application for relief, by means of an injunction, is based upon the contents of a written instrument, presumed to be in the possession of the complainant, the instrument or a copy of it should be filed with the bill, or its non-production satisfactorily accounted for.                                    p. 255

Where, with such a bill, there is filed what purports to be a full and exact copy of the written instrument, properly verified by oath, and where the failure to produce the original is fully explained, the question of the sufficiency or completeness of the copy filed should be raised as a question of fact, to be decided by the taking of testimony, and may not be raised on demurrer.

p. 255

*Decided January 14th, 1914.*

Appeal from the Circuit Court for Washington County. (In Equity.)   (HENDERSON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Samuel B. Loose* and *Charles D. Wagaman,* for the appellant.

*Alexander R. Hagner,* for the appellee.

Constable, J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to an amended bill, filed by the appellee against the appellant, asking for an injunction. This same cause has been before this Court once before, upon questions raised by the overruling of a demurrer to a former amended bill, and is reported in 116 Md. 497.

The allegations of the present bill are in the exact language of the former, with the exception that there are found in this bill four paragraphs not included in the former, together with two new exhibits. The prayers for relief are the same. For a discussion of the new points presented, we have not deemed it necessary to set out the allegations contained in the bill discussed in the former appeal, nor the prayers, for in the opinion, by Judge Pattison, they are so fully and clearly set out that it would necessitate only a repetition of what can be found in the case cited.

Upon referring to that case, it will be seen that the lower Court was reversed upon its order in overruling the demurrer, because the complainant had not filed, as an exhibit with the bill, that part of the contract between the parties containing the rates, and upon which paper, his equities for relief rested. That paper was referred to as Schedule B in the supplementary ordinance and the supplementary agreement, which were filed as exhibits, and although alleged to be attached as a matter of fact was not attached. There was a schedule disclosed in the supplementary ordinance and agreement, but,

as that dealt only with flat rates for dwelling houses, this Court was of the opinion that the demurrer was good, in the absence of this schedule alleged to contain a complete list of rates.

The complainant, upon the remanding of the cause, with leave of Court, filed its amended bill, alleging, in addition to the former allegations, substantially, that Schedule B had become lost or had been taken from the records of the complainant, and could not be found, although careful search had been made for it. There was filed an affidavit to that effect, by the custodian of the papers and records of the city, and also a photographic exhibit of the page of the book of the minutes of the Mayor and Council, where it was alleged Schedule B had been attached with pins and glue, and had been torn from. The bill further alleges that, after searching through the files of the only newspapers printed in Hagerstown, there was found published, in 1882, a schedule of rates of the appellant water company for Hagerstown, duly approved according to law. This was alleged to be a copy of Schedule B and was filed as an exhibit. The Mayor of Hagerstown made affidavit to the amended bill.

The appellant urges in behalf of its demurrer, in addition to some of the contentions raised upon the first appeal, that Schedule B, as filed by complainant, is not a compliance with the mandate of this Court in the former appeal. The contention is, that this Court said Schedule B itself should be filed. While it is true that expression was used, it is not to be entertained that this Court meant by that, that if the original could not be produced a copy was not to answer the same purpose. We have here an affidavit, that the original was lost and could not be found, made by the person charged with the care of such papers, a photographic view of the place it was kept and evidence that it had been torn from its place, and finally the affidavit of the executive of the town that the paper filed was a true copy of the original. We think that is a full compliance with the expression in the opinion. The rule is that where the application for relief, by way of in-

junction, is based upon the contents of a written instrument. presumed to be in the possession of the complainant, the instrument or a copy should be filed with the bill, or its non-production satisfactorily accounetd for. *Miller's Equity,* sec. 582; *Hankey* v. *Abrahams,* 28 Md. 588; *Haight* v. *Burr,* 19 Md. 130.

It is further urged that, as filed, there are omissions which affect the rights of the appellant—in that the original contained certain reservations to the appellant, which do not appear in the alleged copy.

The bill says: "A copy of said schedule of rates is herewith filed by this complainant as a true copy of Schedule B, which is prayed to be taken as part of this amended bill of complaint, marked Exhibit Schedule B." The exhibit purports to be a full and exact copy of the schedule, and this is verified by the oath of the Mayor. If, as a matter of fact, there are omissions, then a question of fact is presented, and this should be raised by the answer and not by demurrer. In passing upon the demurrer, the Court should look only to the bill and the exhibits filed therewith. If a *prima facie* case is there made out, the Court's duty is clear. Under the circumstances recited, the Court properly assumed this to be a true and full copy, and correctly overruled the demurrer and laid a rule on appellant to answer.

We do not deem it necessary to discuss the other contentions made, for the opinion in the former appeal sufficiently indicates the opinion of this Court on those points.

> *Order affirmed, with costs to appellee, and*
> *cause remanded.*