RICHARD H. SEARS ᴇᴛ ᴀʟ. *v.* MARGARET R. BARKER.

[No. 7, April Term, 1928.]

324

*Decided May 4th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*S. Marvin Peach,* with whom was *John H. T. Briscoe* on the brief, for the appellants.

*Stuart S. Janney,* with whom were *T. L. Bartlett, Philip H. Dorsey, Ellis, Henderson, Ferguson & Gary,* and *Janney, Ober, Slingluff & Williams,* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for St. Mary's County, overruling a demurrer to the appellee's bill of complaint. The bill of Margaret R. Barker, the appellee, alleges that by reason of certain false and fraudulent representations made to her prior to July 15th, 1920, by Richard H. Sears, in Paris, France, she was induced to buy 4,888 shares of the capital stock of the La Paz Oil Corporation, incorporated under the laws of Delaware, for which she paid 10,000 English pounds, approximately $50,000 in money of the United States.

It appears from the bill that, some time prior to July 15th, 1920, the appellant, Richard H. Sears, in Paris, France, met and opened negotiations with one Carlos Pflucker, the agent of the appellee, with a view to the sale to the appellee of shares in the La Paz Oil Corporation, and that through the agent Sears delivered to the appellee a certain prospectus represented by Sears to contain a correct statement of the properties and assets of the oil corporation, together with an album containing photographs represented to be the property of the oil corporation, and that the appellee, relying upon the representations as to the assets and property of the oil corporation by Sears, and upon his right and authority to act for the corporation in the premises, did on or about July 15th, 1920, pay for the stock as aforesaid; that it was not until the summer of 1925, although the appellee asserts that she in the meantime made diligent inquiry, that she first learned that the property and assets of the oil corporation had been misrepresented to her by Sears in many material and vital particulars, and that as a result of an investigation made by the appellee she learned that the statements and representations contained in the prospectus and album were false in several particulars, and so known to Richard H. Sears, as follows: (a) That the company did not own certain of the oil properties and leases represented by Sears to be owned by it, and that the representations were known by said Sears to be false and falsely made by him for the purpose of inducing her to purchase the stock; (b) that

the stock of the La Paz Oil Corporation did not at the time of her purchase and never has had any real value or assets behind it; (c) that the oil corporation did not own the oil properties and shares of other corporations as represented by the prospectus and by Sears, but it had merely entered into a contract to purchase the same; (d) that the oil corporation did not own certain of the properties mentioned in the prospectus as being owned by it, and that certain of the oil leases and properties mentioned therein had been offered to the oil corporation by Sears, when as a matter of fact Sears did not at that time own or have any interest in the properties so offered by him. The bill further alleges that, after her purchase, she made diligent inquiry, and attempted by correspondence and otherwise to locate Sears, but it was only after coming to this country, in the past few months (the bill was filed January 22nd, 1926), that she learned of his supposed residence in St. Mary's County, and that it was only a few weeks prior to the filing of the bill that she learned that Richard H. Sears had no authority to sell her the stock purchased by her, and that the books of the company, which is now defunct, have no record of the sale to her, and that, immediately upon learning of the fraud practiced upon her, the appellee repudiated the purchase, and instituted this action to recover the purchase price paid to Richard H. Sears, and that the defendant Sears, knowingly, intentionally, and for the purpose of inducing her to buy the shares of stock of the La Paz Oil Corporation, made the misrepresentations and false statements attributed to him.

The bill further alleges that, by deed dated August 1st, 1916, W. Bernard Duke and wife conveyed to Richard H. Sears a valuable farm property containing 795 acres, located in St. Mary's County, known as "Society Hill," subject to the lien of a purchase money mortgage from Sears to Duke for the sum of $20,000, which mortgage was assigned to the Eastern Shore Trust Company and released by it August 5th, 1921; that the release was not recorded until August 27th, 1925, the mortgage having been paid by the New England Brass Company, the appellee alleging that the money

used to pay the mortgage was to that extent a part of the 10,000 pounds obtained from her by Richard H. Sears. It further appears from the bill of complaint that the appellants, Richard H. Sears and Eva V. Sears, his wife, conveyed the "Society Hill" property to the New England Brass Company by deed dated November 16th, 1916, and by deed dated August 14th, 1925, the Bretton Manor Company took title to the same property from the said Richard H. Sears and wife and the New England Brass Company, the grantors and the grantee therein all being the appellants in this case; and by deed dated November 28th, 1925, the New England Brass Company and the Bretton Manor Company conveyed the same property to Richard H. Sears and Eva V. Sears, his wife, as tenants by the entireties; and on the same day the grantees executed an indemnity mortgage thereon to the First National Bank of St. Mary's, of Leonardtown, Maryland, for $6,000.

The bill then avers that the property is "in reality owned by the defendant Richard H. Sears; that the title thereto was without any consideration put in the names of the various other defendants herein named solely for the purpose of concealing this asset from the creditors of Richard H. Sears and particularly from" the appellee. The appellee then prays: (1) That the sale of 4,888 shares of the capital stock of the La Paz Oil Corporation to the appellee be annulled and set aside, and that the appellant Richard H. Sears repay to the appellee the sum of 10,00 pounds paid by her to him as aforesaid; (2) that the release of the mortgage on the farm property, dated August 5th, 1921, be declared null and void, and that the name of the appellee be substituted as mortgagee in the mortgage so released; (3) that the farm property in St. Mary's County, the title to which now stands in the names of Richard B. Sears and Eva V. Sears, his wife, as tenants by the entireties, be decreed to be the property of Richard H. Sears, and as such subject to attachment for his debts, and for general relief.

To this bill of complaint all of the defendants except the First National Bank of St. Mary's demurred, alleging as

grounds of demurrer: (1) That the plaintiff has not stated such a cause of action as entitles her to relief in equity; (2) that the plaintiff has a complete and adequate remedy at law; (3) that a court of equity has no jurisdiction to entertain the suit; (4) that the bill is multifarious, indefinite, confusing and contradictory; (5) that the cause of action is barred by the statute of limitations and by laches; (6) that the bill is otherwise defective. Upon a hearing of the demurrer, the court below passed an order overruling the same, and from that order the appeal is taken.

The decisions of this court recognize the right of a purchaser of stock who has been induced to buy through the fraudulent representations of another to invoke the aid of a court of equity to have the sale cancelled and the money paid therefor refunded. In the case of *Wenstrom Motor Co. v. Purnell,* 75 Md. 113, 120, this court said, speaking through Judge Alvey: "It is now settled that where a subscriber to stock has been deceived and induced to enter into a contract of subscription by misrepresentation and fraud of an agent acting for the corporation, such contract, while not absolutely void, is voidable at the election of the party deceived; and he will be entitled to have the contract of subscription rescinded and declared void and to have restitution made of all money paid thereon, provided he elects to repudiate the contract at once upon the discovery of the fraud and he is guilty of no unnecessary delay in coming to a court of equity for relief. This relief will be afforded even after the complete execution of the contract, if the rights of creditors or of innocent third parties do not intervene and give rise to equities superior to those of the stockholder alleging himself to have been defrauded. But in all such cases the rule is uniformly declared and applied that the particulars of the misrepresentations and fraud must be distinctly alleged and fully and clearly proved, to entitle the party to relief; and that relief will only be granted in those cases where it plainly appears that the misrepresentation or undue suppression of material facts actually occasioned and brought into existence the contract." See *Findlay v. Baltimore Trust Co.,* 97 Md. 716; *Reid v. Hugh-*

*lett,* 135 Md. 181; *Baltimore Sugar Refining Co. v. Campbell & Zell Co.,* 83 Md. 36; *Negley v. Hagerstown Mfg. etc. Co.,* 86 Md. 692. See *Purdum v. Edwards,* 155 Md. 178.

It will therefore be seen from the authorities cited that the contention of the appellants that the appellee has not stated a cause of action and is not entitled to relief in equity is inconsistent with the decisions of this court, and the demurrer was properly overruled.

Nor, in our opinion, is the charge of multifariousness, indefiniteness, and confusion in the allegations of the bill well taken. If, as charged in the bill of complaint, the appellee was induced, through the false statements and misrepresentations of Richard H. Sears, to purchase from or through him the shares of stock in the La Paz Oil Corporation, then the appellee would be entitled to a cancellation of her agreement of purchase of the stock and a decree against him for the money so wrongfully received by him from the appellee, and this allegation alone would be a sufficient reason for the order of the lower court overruling the demurrer in this case. *Miller's Equity Proc.,* p. 173.

The inquiry then goes to the question, Can the aid of a court of equity be invoked against the appellants other than Richard H. Sears? It is here alleged that he has caused the property, which Richard H. Sears owned in St. Mary's County at the time of his transaction with the appellee, to be conveyed through two corporations which he controls, to himself and his wife as tenants by the entireties, for the purpose of escaping liability under his oil stock dealings with the appellee, and that no one from the time of his purchase until the present time has had any pecuniary interest in the property except himself. If these allegations are true, then it would be within the scope of the inquiry of a court of equity to have the facts disclosed, and if they are proven as alleged, then the court might proceed against the property as fully and to the same extent as if it had always remained in the ownership and name of Richard H. Sears. In fact, the only effective means whereby proper action can be had in the premises is in a proceeding where all the parties concerned

in the transaction are parties, so that the decree of the court might be made effective. To do otherwise would involve a number of suits, in any one of which complete relief could not be had. In *Miller's Equity Proc.*, sec. 20, it is said: "To prevent multiplicity of suits and to do complete justice and not by halves, the court should embrace a settlement of all rights of all the parties interested so that the matters in controversy may be finally settled. *C. & P. R. R. v. Penna. R. R. Co.*, 51 Md. 267; *Daniell's Chancery Pleading & Practice*, 6th Amer. Ed. 190; *Whitman v. United Surety Co.*, 110 Md. 421, 427; *Ruhe v. Ruhe*, 113 Md. 595, 599; *Rowe Co. v. Rowe*, 154 Md. 599; *Kaliopolus v. Lumm*, 155 Md. 30; *Purdum v. Edwards, supra.*

The last ground of demurrer is that the cause of action stated in the bill of complaint is barred by the statute of limitations and by laches. The rule, as stated in 21 *C. J.* 244, is as follows: "As a general rule laches cannot be imputed to one who has been justifiably ignorant of the facts creating his right or cause of action, and who therefore has failed to assert it; or, as the rule is sometimes expressed, it is an essential element of laches that the party charged with it should have had knowledge or the means of knowledge of the facts creating his right or cause of action. The rule receives its most familiar application in suits for relief on the ground of fraud, where time begins to run, not from the perpetration of the fraud, but from the discovery thereof. Mere lapse of time, however long continued, will not bar the defrauded party's right to relief while he remains ignorant of the fraud and has no knowledge of facts which would lead a reasonably prudent man to the discovery of it." This court, in *Pairo v. Vickery*, 37 Md. 367, quoted Lord Eldon in *Hatch v. Hatch*, 9 Vesey, 292, as follows: "I do not deny that length of time is of great consequence in all these cases of fraud, breach of the policy of the law, etc., but in all cases it is some evidence that the transaction was understood at the time not to be fraudulent and that there might have been some circumstances of the possibility of which the party ought to have the advantage." See also *Whitridge v. Whitridge*, 75 Md.

54; *Kaliopolus v. Lumm, supra; Safe Deposit & Trust Co. v. Coyle,* 133 Md. 343; *Boyle v. Md. State Fair,* 150 Md. 333, 343; Code, art. 57, sec. 14, and note.

The point as to limitations and laches, made by the appellants, evidently assumes that limitations began to run the day the stock transaction between Richard H. Sears and the appellees was completed. This contention could only be made upon the assumption that on that day the appellee knew or should have suspected the fraud. At that time she acted upon her belief that the representations made by Sears presented to her or her agent the true state of facts with regard to the stock and in consideration of the payment by her of 10,000 pounds for it she was receiving something of equal or substantial value in return, and it is only reasonable to say that she then was satisfied with her purchase. Until it developed that the stock had no value at the time it was purchased and she had been deceived in the purchase of it, and her suspicions had been so aroused as to put her on inquiry, she could not be chargeable with laches. When that time arrived, she might be guilty of laches if she had waited an unreasonable length of time thereafter to pursue her remedy. Only upon a discovery of the facts would limitations begin to run or the appellee be bound by her neglect or laches.

The bill alleges that, after the purchase of the stock, the appellee made diligent efforts to locate Richard H. Sears, and that within a few months after coming to the United States she filed her bill of complaint, and the demurrer admits the truth of these allegations, so that the effect of the demurrer is to admit that the appellee has not been guilty of laches, and, as stated in *Pairo v. Vickery, supra,* at page 490, the appellee, "having instituted her suit without delay after being informed of her rights, we are of the opinion that she is entitled to relief," if the truth of the allegations of her bill of complaint is proved.

The appellants' counsel in his brief contended that the demurrer should have been sustained under General Equity Rule No. 4, because the "prospectus" and "album" had not

been filed as exhibits, and cited as authority *Beachey v. Heiple,* 130 Md. 683, 693, it being therein stated: "The objection that a copy of the deed from Berkeley was not filed was sufficient to prevent an injunction being issued, and we think it should have been filed in order to justify relief other than the injunction prayed for. In *Chappell v. Clark,* 92 Md. 98, it was held error to pass an order requiring a bond to be given by the trustee as well as granting an injunction before an exhibit was filed, being contrary to what is now section 142 of article 16."

Certified copies of all the deeds and mortgages were filed with the bill, and, as the purpose of the proceeding was to set aside all deeds except the one from Bernard Duke to Richard H. Sears, to subject the land therein described to the claim of the appellee, to annul the release of the Duke mortgage and to substitute her as mortgagee in the purchase money mortgage from Richard H. Sears to Bernard Duke, all the necessary exhibits were filed. The bill would have been just as good without the "prospectus" and "album" as with them, they evidently being items only of proof of the misrepresentations of Sears. The bill stated that they were not filed with it because of their size and value, but that they would be offered in evidence at the hearing of the case, or produced if and when required by the court. The bill, however, says the exhibits "prospectus" and "album" shall be, "when so produced and filed herein" "made a part" of the bill of complaint. Equity Rule 4 says: "no order or process shall be made or issued upon any bill, etc., until such bill, etc., together with all the exhibits referred to as parts thereof" be filed. The difference between the proffer of the exhibits and the language of the rule is technical, but evidently was so made by the draughtsman of the bill in order to avoid a violation of the rule, and will be so accepted. See *Miller's Equity Proc.,* 146, 689, 729; *Skate Mfg. Co. v. Randall,* 112 Md. 411; *Washington County Water Co. v. Hagerstown,* 122 Md. 252; *Steele's Stores v. Buckingham,* 143 Md. 687.

The First National Bank of St. Mary's, while a defendant, did not demur, and has not appealed. Its mortgage, if the appellee is subrogated to the Duke mortgage, or the land impressed with an equitable lien in her favor, would thereby be junior to her claim, unless the St. Mary's bank was without notice of the fraud alleged in the bill, in which event the rights of the appellee would be subject to its rights under its mortgage. *Wenstrom Motor Co. v. Purnell,* 75 Md. 120; *Mills v. Glenn,* 152 Md. 464.

It is evident from what we have said that the demurrer was properly overruled, and that the bill of complaint presents a situation which calls for an answer or answers by all the appellants, and the case will, therefore, be remanded.

*Order affirmed with costs, and case remanded for further proceedings.*