ANNA E. MURRAY, EXECUTRIX, *v.* WILLIAM ROBERTS ET AL.
[No. 82, October Term, 1929.]

*Decided March 1st, 1930.*

522

The cause was argued before Bond, C. J., Pattison, Urner, Offutt, Parke, and Sloan, JJ.

*John Raum,* for the appellant.

*Herbert L. Grymes,* for the appellee.

The opinion was delivered *per Curiam.*

The appellant, widow and executrix of Daniel Murray, of the District of Columbia, deceased, appeals from an order of the Orphans' Court of Baltimore County, appointing an ancillary administrator to convey real property in the county, sold by the decedent but not conveyed by him. Letters of administration had been granted to the appellant in the District of Columbia, where her husband's will had been probated, and she had later filed a transcript of the probate record of the District in the Orphans' Court for Baltimore County. Roberts and wife then filed a petition in which they recited that they had purchased real property in the county from the decedent, had paid him part of the purchase price, and desired to pay the remainder and receive a deed, but that the executrix declined to procure authority from the court thus to complete the sale, as the statutes of this state provided; and the petitioners prayed that another person should be appointed ancillary administrator in Baltimore County to complete the sale. The appellant, executrix of the decedent's will, answered this petition, and contended that the rights of the purchasers under the contract of sale had been forfeited because of defaults in payments by them, and that for other reasons set forth it would be improper to compel

the transfer of the property as prayed. But the court, after hearing, appointed the ancillary administrator.

Section 82 of article 93 of the Code provides that executors or administrators of persons who have made sale of real estate, and died before receiving the purchase money or making conveyance, may convey, "provided the executor or administrator of the person so dying shall satisfy the orphans' court granting him administration that the purchaser had paid the full amount of the purchase money"; and by section 83 of the same article it is further provided that the provisions of the previous section shall extend to cases where administration is granted in the District of Columbia. And it is under these statutory provisions that the purchasers of the property, in Maryland, against the will of the District executrix, and against her denial of right in the purchasers, seek to compel a completion of the purchase, and conveyance by an ancillary administrator appointed for the purpose. In the opinion of this court the statutes do not authorize that proceeding, because they provide only for permission to the District representative to complete a sale in Maryland, and not for compelling that representative to take such action or for substituting an ancillary administrator to do it.

In its original form, Acts 1846, chapter 279, the statute, now section 82 of article 93 of the Code, provided only that, in view of the cost of a proceeding in equity, "the deed of the executors or administrators of persons dying or having died as aforesaid, shall be good and valid in law." And in this and the supplementary act of 1849, chapter 37, now embodied in the Code as section 83 of article 93, it is described merely as an act to authorize executors and administrators to convey real estate. The statute is still phrased in similarly permissive terms. The personal representatives "may convey." And it is still the representatives who are to satisfy the court that the purchase money has been paid in full. If, later, the legislature had decided upon a new and broader purpose, to convert the provisions into one for a judicial proceeding to enforce completion of the sale, by an ancillary administrator if need be, we should expect to find it

declared clearly and directly in subsequent enactments, and it has not been so declared at all. Again, if it had been the legislative intention to authorize an orphans' court to order a conveyance upon petition of a purchaser, it would seem to be a necessary incident to the authority that the orphans' court should hear and determine controversies raised by objections of interested parties, yet this court has decided that it was not the intention of the statute to authorize that. "The Act of 1846, neither in terms nor by implication, confers jurisdiction upon such courts to hear and determine controversies in regard to sales of real estate by testators or intestates. It merely authorizes executors and administrators to convey real estate sold by testators, provided they satisfy the orphans' court that the purchase maney has been paid." *Grant Coal Co. v. Clary,* 59 Md. 441, 445. Still further, the two statutes, sections 82 and 83, on their faces intend a purpose and effect equally appropriate to representatives in the county in which the land lies, directly under the jurisdiction of the orphans' court, and to representatives in the District who are not under the jurisdiction of Maryland courts, and cannot be reached by notice or process issuing from those courts. And that fact seems consistent only with a restriction of the purpose of the statutes to permission to the representatives. In *Grant Coal Co. v. Clary, supra,* it was decided that the statute means that the fact of payment of the purchase money shall be established by the executor or administrator, and that it would not be within its purpose that this fact should be proved otherwise. And lastly it has been held that title completed under the statute is to be derived, not from an order of court, but from the deed. *Grant Coal Co. v. Clary, supra.* And it is not, therefore, a judicial remedy that is provided. It is for these reasons that we conclude that the statute merely gives permission to the executor or administrator to act.

That conclusion disposes of the question of substituting an ancillary administrator to act in place of an objecting executor or administrator. It is not from the orphans' court, through an ancillary administrator as its agency, that

the relief under the statute is to emanate, but from the executor or administrator previously appointed. The obvious danger in empowering a court, in the jurisdiction of the land, to make an *ex parte* appointment, for the conveyance, of a special officer who might have no knowledge of valid objections to it, and might be without interest in presenting them to the court, argues strongly against a construction of the statute which would permit it.

The present order does not authorize the ancillary administrator to make the conveyance. It merely appoints him. But the sole purpose of the appointment is clearly to make the conveyance, and we think that purpose to be invalid, and this, the first step toward it, to be erroneous.

*Order reversed, with costs to the appellant.*