IDA A. TAKACS *v.* RITA PHILLIPS DOERFLER

[No. 166, October Term, 1945.]

*Decided July 23, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Joseph Loeffler,* with whom was *Philip V. Hendelberg* on the brief, for the appellant.

*Frank J. Schap* and *Herbert L. Grimes* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court of Baltimore City overruling a demurrer to a bill of complaint. The bill alleges that by a duly recorded deed dated February 7, 1944, the leasehold premises No. 2700 Elliott Street in Baltimore were conveyed from Straw Man, Inc. to William V. Phillips for life "with full power and authority  *  *  *  at any time or times during his lifetime to sell, lease, mortgage, convey or otherwise dispose of the same, or any part of parts thereof (said power to extend to the selling, leasing, mortgaging, conveying or otherwise disposing of the remainder or remainders as well as his said life estate therein) and from and immediately after the death of the said William V. Phillips, as to so much thereof as shall not have been disposed of by him in execution of the aforesaid power, unto and to the use of Ida A. Takacs, her personal representatives and assigns." The bill alleges that Phillips owned and operated a tavern in the premises, and that shortly before his death on August 6, 1945, he entered into a contract and sold the leasehold property and the business to Peter Grabowski and Josephine Grabowski, his wife, and received from the purchasers a deposit of $300 on account of the purchase price of $8,000; that Phillips died before a deed could be executed; that letters of administration were granted on August 13, 1945 to .

Philip V. Hendelberg, pursuant to renunciations filed by Ida Takacs and Leo Phillips, sister and brother of the decedent, and that on September 17, 1945, Ida A. Takacs, the remainderman in the deed, executed a deed conveying the property to Grabowski and wife, and received from them the balance of the purchase money, of which $2,500 was turned over to the estate; that on October 17, 1945, upon application of the appellee, the daughter of the decedent and his sole heir and next of kin, the letters of administration granted to Hendelberg were revoked and letters granted to the appellee. The bill prays a discovery of the terms of the contract and an accounting of the moneys received from the sale of the leasehold property and tavern business, that the appellant pay to the appellee the purchase money she received, and for other and further relief.

The appellant contends that her demurrer should have been sustained because the allegations of the bill are indefinite, vague and uncertain, and because the disposal of the property was not completed by the life-tenant in his lifetime.

We think there is no merit in these contentions. The bill alleges that the decedent entered into a contract and sold the leasehold property in exercise of the power, and the demurrer admits this to be true. It is not necessary or indeed possible at this stage to pass upon the validity or enforcibility of the contract. It is apparent from the allegations of the bill and the prayer for discovery that a copy of the contract is not in the possession of the complainant; under such circumstances it is not essential that it be filed as an exhibit. Miller's Equity Procedure, Sec. 582. Moreover, the bill alleges that the appellant undertook to carry it into effect by executing a conveyance and receiving the balance of the purchase price. Compare *Whiteley v. Schoenlein,* 183 Md. 590, 595, 39 A. 2d 692. We think the bill calls for an answer.

Both parties agree that the deed to the decedent created a life-estate with a power of sale annexed, which,

if properly exercised, would be effective to divest the vested remainder. *Beranek v. Caccimaici,* 157 Md. 144, 145 A. 369; *Reeside v. Annex Bldg. Assn.,* 165 Md. 200, 167 A. 72. We find nothing in the deed creating the power that limits its exercise to any particular form of conveyance. In equity, an executory contract of sale is given full effect as a transfer of the equitable interest. *Kinsey v. Drury,* 146 Md. 227, 126 A. 125. While the cases in which this principle is recognized are generally cases where the ownership is in fee, we see no distinction where an absolute power of alienation is annexed to a lesser estate. Where a vendor dies before executing a deed it is recognized that the purchase money becomes assets in the hands of his executors or administrators, to be by them administrated with the rest of his personal estate. *McRae v. McRae,* 78 Md. 270, 283, 27 A. 1038. It seems clear, therefor, that the decedent's estate and not the remainderman is entitled to the purchase money, under the allegations of the bill, and that the purchasers took nothing by the deed from the remainderman, for if the alienation was effective the remainderman had nothing to convey.

In order to obtain a clear title to the property there should be a deed from the administratrix. Code, 1939, Art. 93, Sec. 83; *Murray v. Roberts,* 158 Md. 521, 149 A. 113. We think, therefore, that the purchasers should be parties to this proceeding. If they have paid the balance of the purchase money to a person not entitled thereto, that fact would not bar a recovery against them by the person entitled. And the personal representative of the decedent cannot be required to pursue his remedy against the funds erroneously paid to the remainderman, even if such remainderman could be required to account to the personal representatives for such funds, where there is no privity of contract. The real cause of action, we think, is against the purchasers for specific performance but it is appropriate that the remainderman be a party in order that complete relief may be afforded in the one action. Compare *Spangler v.*

*Dan A. Sprosty Bag Co.*, 183 Md. 166, 177, 36 A. 2d 685; *Sears v. Barker*, 155 Md. 323, 329, 141 A. 908. In order that the purchasers may be made parties, we shall remand the case without affirming or reversing. Code, 1939, Art. 5 Sec. 42.

*Remanded, with costs to the appellee.*